IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-966-CFC |
| INTEL CORPORATION, | : | |
| Defendant. | : | |

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Christopher Abernethy, Morgan Chu, Benjamin W. Hattenbach, Leah Johannesson, Amy E. Proctor, Dominik Slusarczyk, S. Adina Stohl, Charlotte J. Wen, IRELL & MANELLA LLP, Los Angeles, California, *Counsel for Plaintiff*

Jack B. Blumenfeld, Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Omar F. Amin, GIBSON, DUNN & CRUTCHER LLP, Washington, District of Columbia; Mark N. Reiter, GIBSON, DUNN & CRUTCHER LLP, Dallas, Texas; David C. Marcus, WILMER, CUTLER, PICKERING, HALE AND DORR LLP, Los Angeles, California; Arthur W. Coviello, Liv Herriot, Jason D. Kipnis, Mark D. Selwyn, Kathryn Zalewski, WILMER, CUTLER, PICKERING, HALE AND DORR LLP, Palo Alto, California; Richard A. Crudo, Gregory H. Lantier, Christa Laser, Amanda L. Major, WILMER, CUTLER, PICKERING, HALE AND DORR LLP, Washington, District of Columbia; Alexandra Amrhein, Kevin A. Goldman, Jordan L. Hirsch, William F. Lee, Dominic E. Massa, Joseph Mueller, Louis W. Tompros, WILMER, CUTLER, PICKERING, HALE AND DORR LLP, Boston, Massachusetts; Olga Musayev, S. Calvin Walden, WILMER, CUTLER, PICKERING, HALE AND DORR LLP, New York, New York, *Counsel for Defendant*

## **MEMORANDUM OPINION**

March 26, 2019
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

Plaintiff VLSI Technology LLC has sued Defendant Intel Corporation for patent infringement. VLSI alleges that Intel has directly and willfully infringed and, unless enjoined, will directly and willfully infringe five patents relating to computer chip technology—U.S. Patent Nos. 6,212,633 (the "#633 patent"), 7,246,027 (the "#027 patent"), 7,247,552 (the "#552 patent"), 7,523,331 (the "#331 patent"), and 8,081,026 (the "#026 patent"). *See* D.I. 1 at ¶¶ 15, 37, 46, 60, 68, 88, 97, 119, 128, 148. VLSI also alleges that Intel has indirectly infringed and, unless enjoined, will indirectly infringe the #633, #027, #331, and #026 patents. *See id.* at ¶¶ 32, 33, 55, 56, 114, 115, 143, 144. VLSI's indirect infringement claims are based on allegations of both induced infringement and contributory infringement. VLSI also seeks in the complaint's prayer for relief "enhanced damages pursuant to 35 U.S.C. § 284." *Id.* at 46.

Intel filed a motion to dismiss "VLSI's claims for willful infringement" of the #633, #552, #331, and #026 patents and VLSI's claims for indirect infringement of the #633, #331, and #026 patents. D.I. 17. As the Patent Act, 35 U.S.C. § 1 *et seq.*, does not create a cause of action for willful infringement, I understand Intel's motion to dismiss "VLSI's claims for willful infringement" to be a motion, with respect to the #633, #552, #331, and #026 patents, to dismiss

VLSI's willfulness-based claim for enhanced damages under 35 U.S.C. § 284 and strike from the complaint the allegations of willful infringement. *See generally Deere & Co. v. AGCO Corp.*, 2019 WL 668492, at *3–4 (D. Del. Feb. 19, 2019).

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

Under Federal Circuit law, to allege plausibly a willfulness-based enhanced damages claim, VLSI must allege facts from which it can be plausibly inferred both that Intel knew about the asserted patents and that Intel knew or should have known that its conduct amounted to infringement of those patents. *See Deere*, 2019 WL 668492, at *4 (citing *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876

F.3d 1350, 1371 (Fed. Cir. 2017); and *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016), *rev'd on other grounds*, 138 S. Ct. 2129 (2018)). "[I]nduced infringement[] [and] contributory infringement require[] [both] knowledge of the patent[s] in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

### *Knowledge of the Asserted Patents*

The complaint plausibly alleges that Intel knew of the existence of the #633, #331, and #026 patents, as it alleges that Intel cited these patents in Intel's prosecutions of other patents. D.I. 1 at ¶¶ 31, 113, 142. The complaint, however, fails to allege any facts from which it can be plausibly inferred that Intel knew or should have known of the existence of the #552 patent.

With respect to the #552 patent, the complaint alleges only that "Intel has had knowledge of the [#]552 Patent at least since the filing of this complaint, and if it did not have actual knowledge prior to that time, it was willfully blind to the existence of the [#]552 Patent based on, for example, its publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals." *Id.* at ¶ 84. This allegation is deficient in two respects. First, the complaint itself cannot serve as the basis for a defendant's actionable knowledge. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. Second, knowledge based on willful blindness exists only where

"(1) the defendant [] subjectively believe[d] that there [was] a high probability that a fact exists and (2) the defendant [] [took] deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Here, there is no allegation in the complaint from which it could be plausibly inferred that Intel subjectively believed that there was a high probability that the #552 patent existed; and thus there is no basis from which to conclude that Intel was willfully blind to the #552 patent's existence. Accordingly, I will dismiss the claim for enhanced damages insofar as it is based on the #552 patent. (VLSI did not allege induced or contributory infringement of the #552 patent.)

### *Knowledge of Patent Infringement*

VLSI argues in it briefing that its allegations of willful blindness make it plausible that Intel knew or was willfully blind about whether Intel's products infringe the asserted patents. In VLSI's words:

> In addition to willfully blinding itself *to VLSI's patents*, Intel also willfully blinded itself *to its infringement of those patents*. For example, Intel's "publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals" also prevented its engineers from comparing those patents to Intel's products, yet it is precisely that comparison that would have resulted in Intel's actual knowledge of its infringement.

D.I. 27 at 14 (emphasis added) (quoting D.I. 1 at ¶ 31). But VLSI alleges in its complaint only that "Intel has been willfully blind *to [each] patent's existence.*"

4

D.I. 1 at ¶¶ 31, 54, 113, 142 (emphasis added); *see also* D.I. 1 at ¶ 84 ("Intel . . . was willfully blind *to the existence* of the [#]552 Patent . . . .") (emphasis added). VSLI never alleges that Intel has been willfully blind *to its infringement* of those patents. Accordingly, with respect to the #633, #552, #331, and #026 patents, I will strike from the complaint the allegations of willful infringement and dismiss the enhanced damages claim; and with respect to the #633, #331, and #026 patents, I will dismiss the claims for induced and contributory infringement.

The Court will issue an order consistent with this Memorandum Opinion.