IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VLSI TECHNOLOGY LLC,         )
                              )
           Plaintiff,         )
                              )
        v.                )     C.A. No. 18-966 (CFC)
                              )
INTEL CORPORATION,        )     REDACTED - PUBLIC VERSION
                              )
        Defendant.       )

**INTEL CORPORATION'S ANSWERING BRIEF
<u>IN OPPOSITION TO VLSI'S MOTION TO AMEND ITS COMPLAINT</u>**

Morris, Nichols, Arsht & Tunnell LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

William F. Lee
Dominic E. Massa
Joseph J. Mueller
Jordan L. Hirsch
Kevin Goldman
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Gregory H. Lantier
Amanda L. Major
Joshua L. Stern
Richard A. Crudo
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

S. Calvin Walden
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6359

Originally Filed:  September 18, 2019
Redacted Version Filed:  September 25, 2019

## TABLE OF CONTENTS

Page

NATURE AND STATE OF PROCEEDINGS .................................................................. 1

SUMMARY OF ARGUMENT ......................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 4

    I.     VLSI's Proposed Amendment Insufficiently Pleads That Intel Knew, Should Have Known, Or Was Willfully Blind To, Its Alleged Infringement Of The '633, '331, '026, Or '552 Patent. ........................................ 5

    II.    VLSI's Proposed Amendment Insufficiently Pleads That Intel Knew Of, Or Was Willfully Blind To, The Existence Of The '552 Patent. ............................ 6

    III.   VLSI's Proposed Amendment Improperly Pleads A Claim For Enhanced Damages Based On Intel's Post-Suit Conduct In Connection With An Expired Patent. ...................................................................................................... 7

ARGUMENT .................................................................................................................... 7

    I.     VLSI's Proposed Amendment Fails To State A Claim For Pre-suit Indirect Infringement Of The '633, '331, Or '026 Patent. ................................................ 8

          A.    VLSI's Proposed Amendment Alleges No Facts From Which The Court Could Reasonably Infer That Intel Knew Or Was Willfully Blind To The Fact That Its Conduct Amounted To Infringement. .............. 9

    II.    VLSI's Proposed Amendment Fails to State a Claim for Enhanced Damages Based On Pre-suit Willful Infringement Of The '633, '331, '026, Or '552 Patent. ................................................................................................. 11

          A.    VLSI's Proposed Amendment Lacks Sufficient Allegations Concerning Pre-suit Knowledge Of, Or Willful Blindness To, The Existence Of The '552 Patent. ................................................................ 12

          B.    VLSI's Proposed Amendment Fails to Allege Facts Sufficient To Permit A Reasonable Inference That Intel Knew Or Should Have Known Its Conduct Infringed Before VLSI Filed Suit. ............................ 17

    III.   VLSI's Claim For Enhanced Damages Based On Alleged Post-Suit Willful Infringement Of The '633 Patent Cannot Stand. ...................................... 18

CONCLUSION ............................................................................................................... 18

TABLE OF AUTHORITIES

Page(s)

*Adidas Am., Inc. v. Skechers USA, Inc.*,
   No. 3:16-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017)................................12

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
   No. W:13–365, 2014 WL 2892285 (W.D. Tex. May 12, 2014)............................14

*Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*,
   No. 15-915-RGA, 2018 WL 620968 (D. Del. Jan. 30, 2018)..........................11, 17

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 554 (2007)............................................................7

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,
   No. 18-533-RGA, 2019 WL 4055000 (D. Del. Aug. 28, 2019).............................10

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ..........................14

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)........................................................8

*Delaware Display Grp. LLC v. Lenovo Grp. Ltd.*,
   No. 13-2108-RGA, 2016 WL 720977 (D. Del. Feb. 23, 2016)............................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011).....................................................9, 13, 16

*Korsinsky v. Microsoft Corp.*,
   No. 04-2695 (SLT)(LB), 2005 WL 1123769 (E.D.N.Y. Mar. 31, 2005) ..................18

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
   No. 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ...............................13

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)................................................9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)......................................15, 16

*Nonend Inventions, N.V. v. Apple Inc.*,
    No. 2:15-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016) .............11, 12, 13, 16

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
    No. 13–335–LPS–CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) ........................................8

*Spherix Inc. v. Cisco Sys., Inc.*,
    No. 14-393-SLR, 2015 WL 1517435 (D. Del. Mar. 31, 2015) ........................................13, 16

*Superior Indus., LLC v. Thor Glob. Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012).........................................................................................9

*Välinge Innovation AB v. Halstead New Eng. Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018)...............................11, 12

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) .......................................................................................17

*WesternGeco L.L.C v. Ion Geophysical Corp.*,
    837 F.3d 1358 (Fed. Cir. 2016)............................................................................................17

## NATURE AND STATE OF PROCEEDINGS

VLSI Technology. LLC ("VLSI") filed this patent infringement action against Intel Corporation ("Intel") on June 28, 2018.  D.I. 1.  Intel moved to dismiss VLSI's claims for indirect infringement and enhanced damages based on allegations of willfulness on August 20, 2018.  D.I. 18.  On March 26, 2019, this Court granted Intel's motion, dismissing VLSI's claims for enhanced damages based on willful infringement of U.S. Patent Nos. 6,212,633 (the "'633 patent"); 7,247,552 (the "'552 patent"); 7,523,331 (the "'331 patent"); and 8,081,026 (the "'026 patent") (collectively the "asserted patents") and struck VLSI's allegations of willful infringement directed to these patents.  D.I. 110-111.  This Court also dismissed VLSI's claims for pre-suit indirect infringement (*i.e.*, induced and contributory) of the '633, '331, and '026 patents (VLSI did not allege indirect infringement of the '552 patent).  *Id.*

On September 4, 2019, VLSI moved to amend its complaint, attaching a proposed amended complaint that realleges the claims that were previously dismissed—that is, claims for pre-suit indirect infringement and for enhanced damages based on alleged willful infringement. D.I. 257.  VLSI's proposed amended complaint fails to cure the deficiencies identified by this Court in its prior dismissal of these claims.  As with its earlier pleadings, VLSI piles inference on top of inference in an attempt to show that Intel had the requisite state of mind to support these claims.  VLSI's reasoning fails under the governing legal standards—and as a matter of basic common sense.  Intel, therefore, opposes VLSI's motion to amend.

## SUMMARY OF ARGUMENT

Leave to amend a pleading under Federal Rule of Civil Procedure 15 should be denied on futility grounds if the amendment would not survive a motion to dismiss.  Here, despite the addition of new allegations, VLSI's proposed pleading still fails to set forth facially plausible claims for pre-suit indirect infringement or pre-suit enhanced damages based on willful

1

infringement; and in the case of the '633 patent—which expired before VLSI filed suit—for post-suit enhanced damages.

In addition to attempting to assert ongoing infringement of an expired patent, VLSI's proposed amended complaint suffers from two fundamental flaws in pleading the state-of-mind requirements relating to indirect and willful infringement. *First*, VLSI's proposed amendment includes almost no allegations about the asserted patents themselves, but instead layers one *general* allegation on top of another (on top of another), to try to support an inference that Intel had knowledge or a subjective belief regarding a *specific* patent.

As one example, VLSI focuses on Intel's monitoring of competitors, Intel's recognition of the prior owners of the asserted patents as competitors, and Intel's acknowledgement that competitors sometimes have patents on their own products. These allegations suggest simply that Intel is involved in the normal business of a high-tech company. None remotely suggests that Intel knew about any of the asserted patents before this case was filed—let alone believed that it was infringing those specific patents. Yet, VLSI tries to spin this routine conduct into an inference that Intel knew or subjectively believed there was a high likelihood it infringed *the specific asserted patents* before VLSI filed this suit. Neither the law nor common sense supports this inference.

*Second*, VLSI attempts to plead claims for indirect infringement and enhanced damages that would require a drastic expansion of the doctrine of willful blindness. Willful blindness— which requires both subjective belief in the high likelihood of a fact and deliberate steps taken to avoid confirming that fact—has developed in order to impute knowledge to a truly culpable party that very nearly knows a fact but takes action to avoid actually learning it. But under VLSI's application of this doctrine, a corporate policy that *prohibits review of third-party patents*—

2

which VLSI itself alleges was designed to avoid infringement of others' patents—would now serve as the basis for an inference that Intel has the requisite knowledge to be liable for indirect infringement and enhanced damages of *any* patent of which it is aware.  In short, VLSI seeks to take a policy designed to ***avoid willful infringement*** and transform it into exactly the opposite.  Again, neither the law nor common sense supports this up-is-down argument.

These fundamental deficiencies pervade VLSI's proposed amended complaint.  As such, the vast majority of VLSI's proposed amendments (all but six paragraphs) would not withstand a motion to dismiss, and amendment should not be permitted.  Specifically:

(a)  VLSI's pre-suit indirect infringement claims relating to the '633, '331, and '026 patents would not survive a motion to dismiss.  Like its original complaint, VLSI's proposed amended complaint lacks any factual allegations from which the Court could plausibly infer that Intel knew of or was willfully blind to ***infringement*** of those three patents before VLSI served its complaint in this case;

(b)  VLSI's pre-suit enhanced damages claims based on alleged willful infringement of the '552, '633, '331, and '026 patents would not survive a motion to dismiss.  None of VLSI's new allegations give rise to a reasonable inference that Intel knew of (or was willfully blind to) the '552 patent before VLSI served its original complaint.  This is fatal to VLSI's claim with respect to the '552 patent.  Further, VLSI does not allege facts sufficient to permit a reasonable inference that Intel knew or should have known that its actions constituted infringement of any of these four patents before VLSI served its complaint.  This provides a separate and independent reason that the claim would have to be dismissed with respect to the '552 patent, and renders VLSI's attempts to add pre-suit enhanced damages claims for the '633, '331, and '026 patents futile; and

3

(c)  VLSI's proposed amended complaint asserts claims for post-suit enhanced damages based on alleged willful infringement—including for the '633 patent.  But the '633 patent *expired two days before* VLSI filed its original complaint.  VLSI cannot state a claim for enhanced damages based on alleged post-suit willful infringement of an expired patent, and the attempted addition of allegations relating to Intel's post-suit conduct with respect to the '633 patent should not be permitted.

For these reasons, VLSI's proposed amendment seeking to add pre-suit indirect infringement claims, pre-suit enhanced damages claims, and a post-suit enhanced damages claim with respect to the '633 patent, is futile.  Intel therefore respectfully requests that this Court deny VLSI leave to amend its complaint with respect to these claims—that is, VLSI should be denied leave to add paragraphs 32-33, 39, 89-93, 123-124, and 154-155 of its proposed amended pleading to its original complaint.

## STATEMENT OF FACTS

In its original complaint, VLSI asserted each of the pre-suit indirect infringement and enhanced damages claims it seeks to add to the case in its proposed amended complaint.  *See* D.I. 257, Ex. B; D.I. 110; D.I. 111.  This Court granted Intel's motion to dismiss these claims. D.I. 111.  Specifically, the Court held that VLSI's original complaint "plausibly allege[d] that Intel knew of the existence of the '633, '331, and '026 patents" based on allegations that Intel cited the patents during prosecution of Intel patents, (D.I. 110 at 2), but that VLSI had not pleaded sufficient facts from which the Court could infer that Intel knew of, or was willfully blind to, infringement of the patents (*id.* at 5).  Accordingly, the Court dismissed VLSI's claims that Intel had indirectly infringed the '633, '331, and '026 patents before the filing of the complaint.  *Id.*  The Court dismissed VLSI's claims for enhanced damages based on alleged willful infringement of these patents on the same grounds.  *Id.*  The Court also dismissed VLSI's

claim for enhanced damages based on alleged willful infringement of the '552 patent following this same reasoning, and on the separate ground that VLSI failed to allege facts sufficient to make it plausible that Intel had knowledge of or was willfully blind to the existence of the '552 patent before VLSI filed the complaint.  *Id.* at 5, 4.

In its proposed amended complaint, VLSI attempts to cure the deficiencies this Court previously identified with virtually identical copy-and-paste allegations regarding each patent. Even taken as true, however, these new allegations remain insufficient to make VLSI's claims plausible.

**I.     VLSI's Proposed Amendment Insufficiently Pleads That Intel Knew, Should Have Known, Or Was Willfully Blind To, Its Alleged Infringement Of The '633, '331, '026, Or '552 Patent.**

In its proposed amended complaint, VLSI alleges virtually identical facts for each patent to try to support its conclusory statements that "Intel knew, should have known, or was willfully blind to the fact that it was infringing the ['633, '331, '026, or '552] Patent" before VLSI filed suit.  D.I. 257, Ex. B ¶¶ 32 ('633 patent), 90 ('552 patent), 123 ('331 patent), 154 ('026 patent). These generic allegations include that:  "Intel regularly monitors its competitors' activities"; "Intel has acknowledged that competitors may have patents covering [their own] similar products";

Redacted

D.I. 257, Ex. B ¶¶ 32 ('633 patent), 90-91 ('552 patent), 123 ('331 patent), 154 ('026 patent) (emphases added).  VLSI does not allege what "monitoring" of competitors entails, that "monitoring" does (or should) include substantive assessment of a

5

competitor's potentially thousands of patents, or that purchasing a set of patents from a party obligates one to identify and evaluate the scope of **all patents** assigned to that party.  *See id.*

In addition, VLSI alleges that Intel has a supposed corporate-wide policy that prohibits employees from reviewing third-party patents, and that engineers have said this policy is aimed at avoiding willful infringement and treble damages.  D.I. 257, Ex. B ¶¶ 33 ('633 patent), 93 ('552 patent), 124 ('331 patent), 155 ('026 patent).  VLSI makes no allegations regarding when this supposed policy was adopted or that it has any specific connection to the '633, '552, '331, or '026 patent.  *Id.*

## II.   VLSI's Proposed Amendment Insufficiently Pleads That Intel Knew Of, Or Was Willfully Blind To, The Existence Of The '552 Patent.

To attempt to overcome the Court's prior ruling that its original complaint did not include sufficient allegations from which it could be plausibly inferred that Intel knew of or was willfully blind to the existence of the '552 patent before service of the complaint, VLSI's proposed amended pleading includes additional allegations concerning the '552 patent.

Specifically, VLSI alleges that, during prosecution of Intel patents, Intel has cited **other patents** that name each of the inventors of the '552 patent.  D.I. 257, Ex. B ¶ 89.  VLSI goes on to allege that, "Intel therefore was aware of the work of the '552 Patent inventors and should have been aware of a patent invented by them collectively."  *Id.*  VLSI alleges no facts in support of this conclusion and provides no explanation why that would be so.  *Id.*

VLSI also alleges that Intel                    Redacted

                              that "[a]s part of its due diligence, Intel knew or should have known of the '552 Patent, at least because it was publicly listed in Freescale's Form 10-K annual report," and                    Redacted                    D.I. 257, Ex. B ¶ 91.  VLSI does not allege that anyone at Intel ever read the referenced Freescale Form

10-K,  that the '552 patent was discussed as a part of                    Redacted

                                 or  that                    Redacted

                                        *Id.*

Finally, VLSI's proposed amended pleading also alleges that Intel knew of or was willfully blind to the existence of the '552 patent because Intel has been sued for infringement of ***yet other*** Freescale patents.  *Id.* at ¶ 92.  VLSI does not allege that the '552 patent was ever disclosed to Intel in connection with that other suit.  *Id.*

**III.    VLSI's Proposed Amendment Improperly Pleads A Claim For Enhanced Damages Based On Intel's Post-Suit Conduct In Connection With An Expired Patent.**

In its proposed amended pleading, VLSI also seeks to add claims for enhanced damages based on alleged post-suit willful infringement.  VLSI pleads identical allegations in support of these claims in each of the sections it devotes to the five asserted patents.  *See* D.I. 257, Ex. B ¶ 39 ('663 patent), 64 (U.S. Patent No. 7,246,027), 97 ('552 patent), 130 ('331 patent), 161 ('026 patent).  Inexplicably, VLSI includes allegations relating to Intel's post-suit conduct with respect to the '633 patent (*id.* at ¶ 39), ***even though it had expired two days before VLSI filed this lawsuit***.

## <u>ARGUMENT</u>

A court has discretion to deny leave to amend a pleading under Federal Rule of Civil Procedure 15 due to "…futility of amendment..."  *Delaware Display Grp. LLC v. Lenovo Grp. Ltd.*, No. 13-2108-RGA, 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016).  Leave to amend should be denied if the proposed amendment would not survive a motion to dismiss.  *Id.*  To survive a motion to dismiss, a plaintiff is obligated to set forth factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining a

claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Here, VLSI seeks to add to its complaint the same claims the Court previously dismissed—that is, pre-suit indirect infringement for the '633, '331, and '026 patents and pre-suit enhanced damages claims based on alleged willful infringement of the '633, '331, '026, and '552 patents. As discussed below, VLSI's new allegations still are not sufficient to make these indirect infringement and enhanced damages claims facially plausible. In addition, VLSI's proposed amendment pleads enhanced damages based on post-suit willful infringement in connection with the '633 patent that had expired before VLSI even filed suit. Accordingly, these claims would not survive a motion to dismiss, and VLSI's motion to amend its complaint in these respects should be denied as futile.

## I.    VLSI's Proposed Amendment Fails To State A Claim For Pre-suit Indirect Infringement Of The '633, '331, Or '026 Patent.

Indirect infringement "requires knowledge of the patent in suit ***and knowledge of patent infringement***." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (emphasis added); *see also Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13–335–LPS–CJB, 2016 WL 6594076, at *4 (D. Del. Nov. 4, 2016) (indirect infringement claims "require …'knowledge that the acts [at issue] constitute patent infringement.'").

VLSI's proposed amended complaint lacks factual allegations that, accepted as true, would permit a reasonable inference that Intel knew or was willfully blind that the acts at issue constituted infringement of the '633, '331, or '026 patent. This is fatal to VLSI's attempt to add claims for pre-suit indirect infringement of these patents.

A.     VLSI's Proposed Amendment Alleges No Facts From Which The Court Could Reasonably Infer That Intel Knew Or Was Willfully Blind To The Fact That Its Conduct Amounted To Infringement.

Although VLSI's proposed amendment includes conclusory statements that "Intel knew, should have known, or was willfully blind to the fact that it was infringing the ['633, '331, or '026] Patent," (D.I. 287, Ex. B ¶¶ 32, 123, 254), VLSI **pleads no facts** that would make such inference plausible.[1]

As to **knowledge**, VLSI pleads no new facts that create a reasonable inference Intel knew its conduct amounted to infringement of the '633, '331, or '026 patent before VLSI served its original complaint.  None of VLSI's new allegations **specifically concern** the '633, '331, or '026 patent.  For this reason alone, these allegations do not permit a reasonable inference that Intel actually knew that its conduct infringed any of the asserted patents.

As to **willful blindness**, VLSI's allegations fare no better.  Willful blindness requires that a defendant (1) subjectively believed that there was a high probability that its conduct infringed **and** (2) took "deliberate actions" to avoid confirming it.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).  VLSI's allegations, even taken as true, fail to raise a plausible inference of either of these two required elements.

**First**, VLSI's proposed amendment includes no allegations from which the Court reasonably could infer that Intel subjectively believed there was a high probability that it **infringed the '633, '331, or '026 patent**.  Not only do VLSI's new allegations not expressly

_____

[1]   In granting Intel's motion to dismiss these claims previously, the Court observed that "[VLSI] never allege[d] that Intel ha[d] been willfully blind to its infringement" of the asserted patents.  D.I. 110 at 5.  VLSI's parroting of the words Intel "was willfully blind to its infringement" of the patents is not enough.  Cases since *Iqbal* have reaffirmed this.  *E.g.*, *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016); *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (finding indirect infringement claims inadequate under *Iqbal/Twombly* that alleged no "facts to support a reasonable inference that [the accused infringer] specifically intended to induce infringement ... or that it knew it had induced acts that constitute infringement").

9

concern the '633, '331, and '026 patents, but they also are devoid of a specific connection to any of these patents.  Instead, VLSI generically alleges that Intel monitors its competitors' activities, that Intel has identified the prior owners of '633, '331, and '026 patents (*i.e.*, NXP and Freescale) as competitors, and that Intel has acknowledged its competitors may have patents covering their own, similar products.  D.I. 257, Ex. B ¶¶ 32, 123, 254.  VLSI also alleges that Intel                                         Redacted                                              *Id.*

But VLSI's proposed amended complaint includes no allegations linking its generic allegations about competitive monitoring of NXP/Freescale or its allegations about other patents not asserted here to Intel's pre-suit awareness of the '633, '331, or '026 patent.  Instead, what VLSI asks this Court to infer is that—because Intel monitored NXP and Freescale activities, knew they *might* have patents covering *their own* products, and              Redacted

                    —Intel subjectively believed there was a high probability it infringed *any* NXP or Freescale patent about which it happened to be aware.  That inference simply is not reasonable.  *See, e.g.*, *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, No. 18-533-RGA, 2019 WL 4055000, at *7 (D. Del. Aug. 28, 2019) ("It is not plausible that, based on stale knowledge of unrelated patents, [Defendant] knew Defendants' accused products were infringing.").

**Second**, even if VLSI's proposed amendment did sufficiently allege that Intel subjectively believed there was a high probability its actions infringed the '663, '331, or '026 patent (which is does not), the amendment does not meet the other pleading requirement for willful blindness:  it does not allege that Intel took "deliberate actions" to avoid learning of this particular (alleged) misconduct.  To plead this element, VLSI attempts to rely on allegations regarding Intel's supposed company-wide policy that forbids employees from reviewing third-

party patents.  D.I. 257, Ex. B ¶¶ 33, 124, 255.  But these allegations about a *general* policy concerning *all third-party patents* do not give rise to a reasonable inference that Intel took deliberate steps to avoid knowing that its conduct constituted infringement of any of *these three patents*.  Indeed, under VLSI's logic, *any* company with such a policy would be willfully blind to infringement of *any patent of which it is aware*.  That is not the law.  *See Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-915-RGA, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018) ("[A] defendant's willful blindness to all of the patents in an *entire field* might not necessarily demonstrate culpability tantamount to the culpability demonstrated by a defendant's knowledge of a *particular patent covering the product being sold*, as is required for willful infringement.") (emphases added); *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-466-JRG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ("[T]he Court finds Motorola's policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.' The Court finds that more must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'").

Accordingly, in its proposed amended complaint, VLSI has not pleaded factual allegations sufficient to overcome the shortcomings the Court previously found with respect to VLSI's pre-suit indirect infringement claims relating to the '633, '331, and '026 patents.  VLSI's motion to amend with respect to these claims thus should be denied on futility grounds.

## II. VLSI's Proposed Amendment Fails to State a Claim for Enhanced Damages Based On Pre-suit Willful Infringement Of The '633, '331, '026, Or '552 Patent.

To plausibly allege willful infringement, a plaintiff must allege facts regarding two types of knowledge:  First, the plaintiff must allege facts that, if accepted as true, demonstrate that the

defendant knew of the patents-in-suit. *Välinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). Second, the plaintiff must allege facts that, if accepted as true, demonstrate that the defendant knew or should have known that its conduct amounted to infringement of those patents-in-suit. *Id.*

VLSI's proposed amended complaint continues to fall short of pleading that Intel knew of or was willfully blind to the '552 patent, or knew or should have known that its conduct allegedly amounted to infringement of the '552 patent. In addition, as discussed in Argument Section I.A, VLSI's proposed amendment fails to allege facts sufficient to give rise to a reasonable inference that Intel knew of or should have known of its alleged infringement of the '633 patent, the '331 patent, or the '026 patent. For these reasons, VLSI's proposed amendment does not satisfy the pleading requirements for pre-suit enhanced damages based on alleged willful infringement of any of these four patents.

A.   VLSI's Proposed Amendment Lacks Sufficient Allegations Concerning Pre-suit Knowledge Of, Or Willful Blindness To, The Existence Of The '552 Patent.[2]

VLSI's proposed amendment includes no allegations from which it could be plausibly inferred that Intel knew of the '552 patent before VLSI filed its complaint. VLSI's proposed amendment also fails to include allegations from which it could be reasonably inferred that Intel was willfully blind—that is, that Intel (1) "subjectively believe[d] that there [wa]s a high

---

[2]   As noted in Intel's motion to dismiss briefing, **no Supreme Court or Federal Circuit decision** has ever found that a willful blindness theory (which the Supreme Court's *Global-Tech* decision applied solely in the context of an indirect infringement claim) can satisfy the knowledge-of-the-patent prong of willful infringement. D.I. 34 at 1. Furthermore, courts have expressed doubt as to whether the willful blindness doctrine can be applied to satisfy the knowledge-of-the-patent requirement outside of indirect infringement (*i.e.*, in a willful infringement context). *See e.g.*, *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-1400-SI, 2017 WL 2543811 at *5 (D. Or. June 12, 2017); *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. 17-313, 2018 WL 834583, at *10 (D. Del. Feb. 12, 2018); *Nonend Inventions, N.V.*, 2016 WL 1253740, at *2-3. And even assuming willful blindness could apply in this context, VLSI still fails to allege facts that support a reasonable inference that Intel was willfully blind to the existence of the '552 patent.

probability that" the '552 patent existed *and* (2) took "deliberate actions to avoid learning of" it. *Global-Tech*, 563 U.S. at 766. This failure to plead sufficient facts with respect to the knowledge-of-the-patent prong of willful infringement is fatal to VLSI's efforts to add a claim for enhanced damages based on alleged willful infringement of the '552 patent pre-suit.

In its proposed amendment, VLSI alleges a single fact regarding the '552 patent itself. That allegation is that, as part of Intel's due diligence concerning       Redacted

"Intel knew or should have known of the '552 Patent, at least because it was publicly listed in Freescale's Form 10-K annual report." D.I. 257, Ex. B at ¶ 91. But VLSI includes *no allegations* from which it could plausibly be inferred that Intel had actual knowledge of the '552 patent based on the listing of that patent in the Freescale 10-K. For instance, VLSI makes no allegations regarding any connection between Intel's due diligence   Redacted

and the listing of the '552 patent, whether any Intel representative even reviewed the Freescale 10-K, or even the prominence of the listing of the '552 patent within the 10-K. *Id.* (In fact, the '552 patent appears in a *one-line entry in a 315-page schedule of thousands of patents and patent applications* that was attached to Freescale's nearly 700-page 2013 annual report. (93006DOC00016908-17552)). This lone allegation cannot possibly give rise to a reasonable inference that Intel *actually knew* of the '552 patent before VLSI asserted it. *See Spherix Inc. v. Cisco Sys., Inc.*, No. 14-393-SLR, 2015 WL 1517435, at *2 (D. Del. Mar. 31, 2015) (declining to infer defendant had knowledge of specific patents *despite having bid on* portfolio of 6,000 patents that contained them).

The remaining allegations on which VLSI relies to plead that Intel either had knowledge of the '552 patent or that it "subjectively believe[d] that there [wa]s a high probability that" the '552 patent existed, also are insufficient:

- *First*, VLSI alleges that knowledge of the '552 patent should be imputed to Intel because Intel has cited *other patents* by the inventors of the '552 patent in certain Intel patent prosecutions.   D.I. 257, Ex. B at ¶ 89.   This assertion rests on the untenable argument that Intel (and any other company) should have knowledge of *every other patent* filed by *each* inventor of any patent of which it is aware.   That is not the law—nor should it be.   *See, e.g.*, *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13–365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (granting motion to dismiss and rejecting plaintiff's argument that defendant had knowledge of the asserted patents because those patents were continuations of patent that plaintiff had previously asserted against defendant in prior lawsuit) (citing *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012)).

- *Second*, VLSI alleges that knowledge of the '552 patent should be imputed to Intel because it monitors competitors, and it has acknowledged (a) that Freescale (the former owner of the '552 patent) is a competitor and (b) that competitors may have patents covering their own, similar products.   D.I. 257, Ex. B ¶ 90.   In essence, VLSI's contention is that *every company* that in any way *monitors its competitors' actions*—even if there is no specific monitoring of its competitors' intellectual property—has knowledge of or is willfully blind to every patent owned by those competitors.   But such a result is contrary to law, which makes clear that even "the defendant's awareness of a plaintiff's patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss."   *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (a plaintiff fails to

14

sufficiently plead knowledge "when the factual allegations merely support the conclusion that the parties have patents in the same field").  Accordingly, VLSI's allegations regarding Intel's general monitoring of Freescale are insufficient as a matter of law to give rise to a reasonable inference that Intel knew of or subjectively believed in the existence of the '552 patent.

- **Third**, VLSI alleges that knowledge of the '552 patent should be imputed to Intel because it has                         Redacted

  D.I. 257, Ex. B ¶¶ 90-91.  But VLSI's alleges no links between     Redacted     and the '552 patent. For the same reasons as discussed above with respect to alleged "monitoring" of Freescale, in cannot be plausibly inferred from these allegations           Redacted

  that Intel knew of or subjectively believed in the existence of the '552 patent.

- **Fourth**, VLSI alleges that knowledge of the '552 patent should be imputed to Intel because it had previously been sued for infringement of a different patent that (like the '552 patent) was previously owned by Freescale.  D.I. 257, Ex. B ¶ 91.  In essence, VLSI alleges that a company has notice of **every** patent belonging to **every** former owner of any patent the company is ever accused of infringing.  This defies both controlling law and common sense.  *See MONEC Holding*, 897 F. Supp. 2d at 233 ("[T]his court has clearly established that there is no presumption of actual knowledge from such other patent suits that is sufficient to withstand dismissal at the pleading stage."); *see also Spherix*, 2015 WL 1517435, at *2 (defendant did not have knowledge of specific patent in portfolio of more than 6,000 patents **on which it bid**).

Accordingly, VLSI's proposed amendment alleges no facts, even taken as true, that raise a reasonable inference that Intel specifically knew of the '552 patent before VLSI filed its complaint.  Likewise, the vague allegations in VLSI's proposed amendment about monitoring of Freescale, Redacted or litigation concerning *other* Freescale patents, and citation to *other patents* that name one of the same inventors named on the '552 patent are too general to raise a reasonable inference that Intel subjectively believed that there was a high probability that *the '552 patent, in particular,* existed.

Even if VLSI's proposed amendment did sufficiently allege that Intel "subjectively believe[d] that there [wa]s a high probability that" the '552 patent existed (which it does not), VLSI has not met its other pleading requirement for willful blindness—namely, to allege that Intel took "deliberate actions" to *avoid learning of the '552 patent's* existence.  *See Global-Tech*, 563 U.S. at 769.  VLSI appears to base its claim as to this element of willful blindness on Intel's supposed policy "forbidding its employees from reading patents held by outside companies or individuals."  D.I. 257, Ex. B ¶¶ 89, 93.  But VLSI's proposed amended complaint does not allege how Intel's supposed policy—which is purportedly directed to *all* patents held by *all third-party companies*—has anything to do with "deliberate action" taken by Intel to avoid learning of the '552 patent, specifically.  Indeed, the law is clear that broad allegations of ill-defined policies to ignore patents is not enough to adequately plead willful blindness.  *See Ansell Healthcare*, 2018 WL 620968, at *6; *Nonend Inventions, N.V.*, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016) ("The Court finds that more must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'").  This reflects basic common sense:  Intel's policy is

designed to ***avoid willful infringement of other company's patents***, and VLSI's argument requires treating the policy as exactly the opposite of what it actually is.

Accordingly, VLSI insufficiently pleads knowledge of, or willful blindness to, the '552 patent in its proposed amendment.  VLSI's proposed amended pleading thus fails to cure the deficiencies identified by this Court in its Memorandum and Order dismissing VLSI's enhanced damages claim and striking VLSI's allegations of pre-suit willful infringement with respect to the '552 patent, (D.I. 110 at 3-4; 111 at 1).  VLSI's motion for leave to amend with respect to this claim should therefore be denied as futile.

> **B.**     **VLSI's Proposed Amendment Fails to Allege Facts Sufficient To Permit A Reasonable Inference That Intel Knew Or Should Have Known Its Conduct Infringed Before VLSI Filed Suit.**

In addition to pleading knowledge-of-the-patent, to plead a valid claim for enhanced damages based on willful infringement, a plaintiff must include factual allegations that the defendant "acted ***despite a risk of infringement*** that was either known or so obvious that it should have been known." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (emphasis added); *WesternGeco L.L.C v. Ion Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016), *rev'd on other grounds*, 138 S. Ct. 2129 (2018); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018)).  Failure to plead facts from which it can reasonably be inferred that the defendant knew of or should have known of the risk of infringement requires dismissal of an enhanced damages claim based on willful infringement.

For the same reasons as explained above in Argument Section I.A, VLSI's proposed amended complaint fails to plead facts sufficient to make it plausible that Intel knew or should have known of a risk that its conduct amounted to infringement of the '663, '331, or '026 patent before VLSI filed its original complaint.  VLSI's new allegations with respect to the '552 patent are substantially the same as those for the '633, '331, and '026 patents, and thus also fail to

satisfy the pleading requirement with respect to the knowledge-of-infringement prong of willful infringement.

Without these critical facts sufficiently pleaded, VLSI's enhanced damages claim based on pre-suit willful infringement of the '633, '331, '026, and '552 patents would not withstand a motion to dismiss.  Accordingly, VLSI's motion to amend with respect to these claims should be denied as futile.

### III.   VLSI's Claim For Enhanced Damages Based On Alleged Post-Suit Willful Infringement Of The '633 Patent Cannot Stand.

VLSI's proposed amendment seeks to add enhanced damages claims based on alleged post-suit willful infringement—including with respect to the '633 patent.  D.I. 257, Ex. B ¶ 39. But the '633 patent *expired two days before* VLSI filed its original complaint.  "[O]ne cannot infringe an expired patent."  *Korsinsky v. Microsoft Corp.*, No. 04-2695 (SLT)(LB), 2005 WL 1123769, at *2 (E.D.N.Y. Mar. 31, 2005), *aff'd*, 198 F. App'x 931 (Fed. Cir. 2006).  As a matter of law, Intel therefore could not have engaged in any infringing conduct—willful or otherwise— of the '633 patent *after* VLSI filed suit.  Accordingly, a claim for enhanced damages based on Intel's post-suit conduct in connection with the '633 patent would not survive a motion to dismiss, and VLSI's motion to amend with respect to this claim should be denied.

<u>CONCLUSION</u>

Intel respectfully requests that the Court deny VLSI's motion for leave to amend its complaint on futility grounds with respect to:  (1) pre-suit indirect infringement claims concerning the '633, '331, and '026 patents; (2) enhanced damages claims based on pre-suit willful infringement of the '633, '331, '026, and '552 patents; and (3) an enhanced damages claim based on post-suit willful infringement of the '633 patent.

Accordingly, VLSI should be denied leave to add paragraphs 32-33 (pre-suit '663 patent allegations), 39 (post-suit '663 patent allegations), 89-93 (pre-suit '552 patent allegations), 123-124 (pre-suit '331 patent allegations), and 154-155 (pre-suit '026 patent allegations) of its proposed amendment to its original complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

OF COUNSEL:

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

William F. Lee
Dominic E. Massa
Joseph J. Mueller
Jordan L. Hirsch
Kevin Goldman
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Defendant*

Gregory H. Lantier
Amanda L. Major
Joshua L. Stern
Richard A. Crudo
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

S. Calvin Walden
WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6359

September 18, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 25, 2019, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Morgan Chu, Esquire                                                         *VIA ELECTRONIC MAIL*
Ben Hattenbach, Esquire
Iian D. Jablon, Esquire
Christopher Abernethy, Esquire
Amy E. Proctor, Esquire
Dominik Slusarczyk, Esquire
S. Adina Stohl, Esquire
Leah Johannesson, Esquire
Charlotte J. Wen, Esquire
Brandon M. Weissenberg, Esquire
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
*Attorneys for Plaintiff*


*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)