

**VIA ELECTRONIC FILING**               October 15, 2019

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3555

      Re:   *VLSI Technology LLC v. Intel Corporation*, Case No. 18-cv-966-CFC-CJB

Dear Judge Burke:

    Plaintiff VLSI Technology LLC ("VLSI") responds to Intel's October 11 letter as follows.

### I.   Alleged Added Product Families

    Intel complains that VLSI has belatedly added "dozens of additional product families" to its Infringement Contentions. Intel is incorrect. First, VLSI did not "add" accused products. Second, even had VLSI "added" products, such an amendment is procedurally proper and timely.

#### A.   VLSI's Amended Paragraph 4(c) Disclosures Did Not Add Product "Families"

    VLSI's Amended Paragraph 4(c) Disclosures did not add "dozens" of product "families" as Intel suggests. D.I. 320 at 1. VLSI merely added further *specificity* by identifying *sub*-families within the accused product families already identified. Per this Court's Order (D.I. 181), VLSI was not required to provide this added specificity, and Intel has no cause to complain about receiving it.

    This issue was addressed before the Court at a June 18, 2019 discovery hearing. D.I. 173 at 2-3; D.I. 178 at 1-2. Intel argued it was entitled to limit the scope of discovery solely to products VLSI had "identified by *family* name in its infringement contentions." D.I. 178 at 2. Similarly, for its own invalidity contentions, Intel contended it could identify "Intel product prior art … by product *family* name," and noted that "VLSI itself has taken this approach in identifying accused products." *Id.*; *see* Ex. 1, 2019-06-18 Hearing Tr. 21:15-20 (Intel arguing the "Pentium M" family was sufficient to identify its numerous sub-families and products); *id.*, 40:12-41:21 (Intel arguing that "*we can identify products by family*" because "*that is the level at which … Intel talks about these things*"); *id.*, 42:2-10 (arguing same for Intel's "Nehalem" family). The Court concluded identification by *family* is sufficient for both parties. *Id.*, 43:21-24 & 61:18-22; D.I. 181.

    After the Court resolved the issue at the June 18 hearing, VLSI promptly amended its Paragraph 4(c) Disclosures on July 24 to provide an even more detailed list of the products already accused "by family name," as Intel requested. VLSI provided *more* specificity than Intel demanded and the Court required, identifying exemplary *sub*-families within the families already accused.

    First, for both the **'026 Patent** and **'027 Patent**, VLSI's original Paragraph 4(c) Disclosures accused ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exs. 2, 3. VLSI's Amended Disclosures thereafter elaborated by providing further sub-family specificity (shown in blue): ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exs. 4, 5. As shown (which Intel conveniently fails to identify in its motion), there are no "additional product families," only further specificity as to *sub*-families within an already accused family. To the extent Intel argues before this Court (as it did on the meet and confer) that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *sub*-families, this is belied by Intel's own 30(b)(6) witness's testimony:

Ex. 14, ▮▮▮▮▮▮▮▮ Dep. Tr. 51:18-52; *see also, e.g.*, Ex. 6, 93000DOC01133198 at -203 (omitting mention of ▮▮▮▮▮▮ as a separate product, let alone a separate *family*).

Second, for the **'331 Patent**, VLSI's original Paragraph 4(c) Disclosures accused specific families of Intel's ███████████████████████ roduct families. Ex. 7. VLSI's Amended Disclosures merely elaborated by identifying sub-families within these already identified families (added sub-family names in blue): ███████████████████████ Ex. 8. None of this was new information; VLSI's infringement allegations for each ███████ family are the same for all sub-families therein.

Finally, for the **'552 Patent**, ███████████████, VLSI accused *at least* Intel's ███████████████████ Ex. 9, 2019-05-20 Stohl Letter to Amrhein. Intel's integrated circuit structural designs fall within clear family groups ███████████ VLSI accused ███████████████. After much back-and-forth, Intel finally produced very basic discovery on the ███████████ on *July 16, 2019*. Ex. 10, 2019-07-16 Amrhein Letter to Slusarczyk. The production revealed a key fact: ███████████████████████ VLSI's Amended Disclosures—served only *eight days* after Intel made its production—attempted to clarify the sub-families within each of these accused families (added sub-family names in blue):



Ex. 11. Intel's reference to "different classes of products, ███████████," (D.I. 320 at 1-2), is a red herring. The '552 Patent relates to chip *structure*, not functionality.

### B.   VLSI's July 24, 2019 Amended Paragraph 4(c) Disclosures Were Timely

Even had VLSI added new product "families" in its Amended Paragraph 4(c) Disclosures (VLSI did not), VLSI's July 24 amendments were timely. The Delaware Default Standard expressly permits supplementation of Paragraph 4(c) disclosures, stating: "As these disclosures are '*initial*,' each party <u>**shall be permitted to supplement**</u>." Default Standard ¶ 4 n.2. The purpose of Paragraph 4(c) disclosures is not to provide an identification of all facts, but rather simply to provide "*notice* to Defendants of Plaintiff's infringement *theories*." *Wi-LAN Inc. v. Vizio, Inc.*, No. 15-cv-788, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018). Notably, a "Plaintiff need not in its contentions actually prove its infringement case." *Id.* VLSI timely disclosed its infringement "theories" to Intel in its original Paragraph 4(c) disclosures. Ex. 12. VLSI then supplemented *four months before the close of fact discovery* merely to add further specificity regarding the sub-families of products to which VLSI's prior-disclosed "theories" apply.

Intel's suggestion that VLSI's compliance with the Default Standard somehow violated Federal Rule 26(e) is unsupportable. Indeed, the case Intel cites is wholly inapposite, as it did not

2

concern Paragraph 4(c) disclosures, but rather a motion "to strike [a] Supplemental *Expert Report*" served after the court-ordered deadline for supplemental expert reports. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 690-91 (D. Del. 2010). Intel's assertion that "VLSI cannot point to information produced by Intel as the basis" for its July 24 amendments is also incorrect. D.I. 320 at 2. For example, as discussed above for the **'552 patent**, Intel produced discovery on the ▮▮▮▮▮▮▮▮▮▮ on *July 16, 2019*. Ex. 10. VLSI then promptly served its Amended Disclosures *eight days later*. D.I. 211. VLSI has also been diligently reviewing Intel's productions and unpacking Intel's opaque product naming conventions. As Intel concedes, "[i]t's admittedly confusing how Intel uses different terms for marketing names as well as architectural names versus other branding names." Ex. 1, 2019-06-18 Hearing Tr. 40:20-23. VLSI's attempt to add further specificity, even where Intel refused to provide that information (*see* Ex. 13, 2019-10-08 Stohl Letter to Counsel), should be applauded and not punished.

Finally, Intel's allegation of "substantial delay" is unsupported. D.I. 320 at 2. Intel identifies no required "further depositions" or alterations to the "case schedule." *Id.* Nor should this sub-family specificity expand the scope of discovery. As Intel itself argued, "*each family is based on the same* ▮▮▮▮▮▮▮▮▮▮." D.I. 178 at 1. Intel's suggestion it would need to produce substantially more documents or source code based on VLSI's Amended Disclosure is thus unsupported; VLSI has made no such request. *Id.* And Intel's reference to "ESI" makes no sense—the parties agreed to ESI search terms Intel has already run.

## II. Intel's Purported "Request for Clarification" Is Improper

Intel's June 24 Amended Identification violated two of the Court's orders, not just one. First, Intel's Amended Identification violated the Court's *June 19, 2019 Order* (D.I. 181), wherein—as Intel itself concedes—the Court ruled "it was 'striking the *combinations* that have the admitted prior art.'" D.I. 320, Intel Br. at 3 (quoting D.I. 320-2, Tr. at 44:5-22). To the extent any "clarification" was needed, it was already requested by VLSI and expressly provided by the Court:

> THE COURT: Is [my ruling] clear from [VLSI's] perspective?
> MR. ABERNETHY: No, Your Honor. …
> THE COURT: … What's not clear about it?
> MR. ABERNETHY: *So the question, Your Honor, is you said you're striking the prior art references. The motion is to strike the <u>combinations</u> that were disclosed* …
> THE COURT: *Okay. So I'm striking the <u>combinations</u> that have the admitted prior art.*

Ex. 1, Tr. 44:10-22. The Court's clarification on this issue was clear and unambiguous: it struck Combination Nos. 2-8 and 10-20 from Intel's original Identification. D.I. 319, Ex. 3 at 4.

Second, Intel's Amended Identification also violated the Court's *April 22, 2019 Case Narrowing Order* (D.I. 136). That Order set a deadline of "May 10, 2019" for Intel to "limit itself to, and identify for Plaintiff, no more than 80 combinations of prior art references." D.I. 136 at 1. In attempting to circumvent the June 19 Order (D.I. 181) striking Intel's original "combinations," Intel improperly added sixteen *new* combinations in its June 24, 2019 Amended Identification, including Combinations 2-7 and 9-18. D.I. 319, Ex. 3 at 4. Indeed, Intel concedes this in its brief: "Intel's Amended Identification *replaces combinations* that previously referenced 'Admitted Prior Art' *with [new] combinations* that are otherwise the same but no longer include or rely on the Admitted Prior Art." D.I. 320, Intel Br. at 3. That violated the April 22 Order, which ruled that, after "May 10, 2019," Intel may only "seek to add at a later date combinations of prior art references *upon a showing of good cause*." D.I. 136 at 2 n.1. Intel neither sought, nor received, leave to belatedly add sixteen new combinations. Nor could Intel possibly show "good cause" for its attempt to circumvent the Court's June 19 Order striking "the combinations that have admitted prior art." Ex. 1, Tr. 44:10-22. Intel's belated identification of sixteen new combinations is highly prejudicial to VLSI, and those new combinations should be stricken. *See* D.I. 319, Ex. 3 at 5-6.

        Respectfully submitted,

        */s/ Michael J. Farnan*

        Michael J. Farnan

cc: Counsel of Record (via E-Mail)