IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VLSI TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-966-CFC-CJB |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **25th day of October, 2019**.

**WHEREAS**, Defendant Intel Corporation ("Defendant") has moved for relief against Plaintiff VLSI Technology LLC ("Plaintiff") by asking the Court to strike what Defendant refers to as "newly identified product families" from Plaintiff's amended infringement contentions (D.I. 320 at 1),[1] and the Court[2] has considered the parties' letter briefs, (*id.* at 1-2; D.I. 325 at 1-2), and heard argument on October 21, 2019,

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. Here, Defendant has moved to strike Plaintiff's amended infringement contentions on the ground that such amendment was untimely. (D.I. 320 at 2; *see also* Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") at ¶ 4 n.3 (noting that initial disclosure of infringement contentions may be later supplemented); Fed.

---

[1] The parties filed a joint motion ("Motion") seeking resolution of several discovery disputes, including the instant dispute. (D.I. 345) On October 21 and 23, 2019, the Court issued three separate Oral Orders addressing the remaining disputes raised in the Motion. (D.I. 338; D.I. 343; D.I. 351)

[2] This case has been referred to the Court to hear and resolve all disputes relating to discovery and the protective order. (Docket Item, August 1, 2019)

R. Civ. P. 26(e) (noting that, in general, a party must timely supplement its discovery-related responses if it learns that its prior responses are incomplete or incorrect)) The basis for Defendant's challenge (at least as Defendant articulated it in its briefing) is that in Plaintiff's amended infringement contentions, Plaintiff has for the first time identified new "product families" as accused products; Defendant argues that the late addition of these "dozens of additional product families" to the case will do damage to the case schedule and cause it prejudice. (D.I. 320 at 1 (emphasis omitted)) Plaintiff, for its part, responds that it has done no such thing. Instead, Plaintiff states that in its amended infringement contentions it did not identify new *product families*; instead, it merely identified "*sub*-families within the accused product families already identified." (D.I. 325 at 1 (emphasis in original))

       2.     As an initial matter, the Court agrees with Plaintiff that—with regard to issues of infringement and invalidity in this case—discovery relating to Defendant's products has proceeded on a product-family-by-product-family basis. Indeed, Defendant has repeatedly emphasized to the District Court that it is appropriate for the parties to make accusations on a product family basis, explaining that this is so because (at least for purposes of this case) products that are a part of each Defendant product family can be understood to share the same material underlying product architecture. (*See, e.g.*, D.I. 178 at 1 (Defendant asserting that it "has referred to [its] product prior art on which it intends to rely by product family name,[] because each family is based on the same architecture, underlying RTL description, design rules, and circuit layouts" and noting that "*[Plaintiff] itself has taken this approach in identifying accused products*") (certain emphasis in original, certain emphasis omitted)); *id.* at 2 (Defendant emphasizing that it "has stated that it will produce documents regarding the products that [Plaintiff] has charted and/or identified *by family name in its infringement contentions*")

(emphasis added); Transcript of June 18, 2019 Hearing at 10-11 ("[District Court]: So is it OK for [Plaintiff] to identify products then in the same manner in which you are identifying them? . . . [Defendant's Counsel]: We have not objected. We've been providing discovery relating to the entire family, *not because we say there's some deficiency in their naming of a product [on a] product[-]family basis*.") (emphasis added); *id.* at 43 ("[District Court]: I'm good with the family. I'm just going to require that you [i.e., Defendant] identify, to the extent you've not already, you *need to identify the family*[.]") (emphasis added); *id.* at 45 (same))

3. Therefore, so long as there is sufficient record information to allow the Court to conclude that what Plaintiff has done in its amended infringement contentions is to merely identify products that fall within an already-identified Defendant product family (i.e., "sub-families")—as opposed to identifying *new* Defendant product families—then such amendment would not be untimely or otherwise problematic.

4. On this front, with regard to Plaintiff's amended contentions relating to United States Patent Nos. 8,081,026 (the "'026 patent") and 7,246,027 (the "'027 patent"), there is enough record evidence for the Court to conclude that the allegedly newly-added product families at issue (i.e., Amber Lake Y and Whiskey Lake) are not new product families, and instead are considered by Defendant to be product sub-families subsumed within a previously-identified family (i.e., the Skylake family). (D.I. 320, ex. 1 at 4-7, 15-17; D.I. 325, exs. 4-5) In that regard, Plaintiff has provided the Court with deposition testimony from Defendant's Rule 30(b)(6) witness and from another Defendant engineer confirming that this is correct. (D.I. 325 at 1; *id.*, ex. 14 at 51-52; D.I. 358, ex. A at 67-68) Thus, Defendant's motion is DENIED as it relates to the identification of these sub-families.

5.  However, with regard to Plaintiff's amended contentions relating to United States Patent Nos. 7,523,331 (the "'331 patent") and 7,247,552 (the "'552 patent"), the record is less clear. From the documents provided by the parties, it is hard for the Court to tell if what Plaintiff is referring to as product "families" and "sub-families" really *are* groupings that are considered by Defendant to be such families/sub-families.[3]

6.  Therefore, by no later than **November 1, 2019**, each party may provide the Court with a supplemental letter (of no more than 4 single-spaced pages) and attached exhibits, that attempts to augment the record as to:

> a.  Evidence of whether the disputed purported sub-families referenced on page two of Plaintiff's October 15, 2019 letter regarding the '331 patent and '552 patent, (D.I. 325 at 2), really are (or are not) sub-families of Defendant product families that Plaintiff has previously identified as infringing.[4]
>
> b.  To the extent Defendant contends that they are not, and that such purported sub-families are actually newly-identified Defendant product families, any additional evidence as to whether or not Plaintiff knew of the existence of those families earlier in the case and should have earlier amended its infringement contentions as to those families.

7.  Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document. Any such redacted version shall be

---

[3] In part, the Court's lack of clarity here is due to the fact that Plaintiff has used varying terminology in the past to refer to these purported families/sub-families. (*See, e.g.*, D.I. 325 at 2 (Plaintiff referring to the ME6 "product famil[y]" and the Tylersburg Chipset as an ME6 "subfamil[y]"); *id.*, ex. 7 (Plaintiff referring to ME6 as an "Apparent ME/CSME Version"); *id.*, ex. 8 (Plaintiff referring to ME6 as an "Apparent ME/CSME Version" and the Tylersburg Chipset as a "Product Family")) And the Court also understands that part of the problem is that Defendant's product family designations are opaque.

[4] The Court is aware of and will take into account the information Plaintiff has already submitted regarding certain purported product families that relate to the '331 patent. (D.I. 358 at 2)

submitted by no later than **October 30, 2019** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

                                                             _____
                                                             Christopher J. Burke
                                                             UNITED STATES MAGISTRATE JUDGE