IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-966 (CFC) (CJB) ) ) |
| INTEL CORPORATION, | ) ) |
| Defendant. | ) ) REDACTED - PUBLIC VERSION |

**LETTER TO THE HONORABLE CHRISTOHPER J. BURKE FROM JACK B. BLUMENFELD REGARDING REQUEST THAT THE COURT ENTER A PROTECTIVE ORDER PREVENTING VLSI'S DEPOSITION OF BRIAN KRZANICH**

OF COUNSEL:

William F. Lee
Dominic E. Massa
Joseph J. Mueller
Jordan L. Hirsch
Louis Tompros
Felicia H. Ellsworth
Kate Saxton
Kevin Goldman
Benjamin N. Ernst
Brian Driscoll
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Gregory H. Lantier
Amanda L. Major
Joshua L. Stern
Richard A. Crudo
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

December 6, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant*

Arthur W. Coviello
Christine E. Duh
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6069

Calvin Walden
Yung-Hoon Ha
Jeffrey A. Dennhardt
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6359

Dear Judge Burke:

Intel respectfully requests that the Court enter a protective order preventing VLSI's deposition of Brian Krzanich, the former CEO of Intel.

### I.     Factual Background

Mr. Krzanich served as the CEO of Intel from 2013 to 2018.  He is currently the CEO of CDK Global, LLC, a public software company.  Intel has not listed Mr. Krzanich as a witness in its initial disclosures or initial trial witness list, has not identified him in any discovery response, and has not identified him as the custodian of relevant documents.  Among the millions of pages of documents produced in this case, Mr. Krzanich is referenced in only a small number, the vast majority of which merely reflect his position.  Mr. Krzanich had no day-to-day involvement in the claimed technologies at issue for any of the five patents-in-suit.

On October 21, 2019, VLSI filed a notice of subpoena to Mr. Krzanich seeking his deposition.  On October 29, 2019, Intel asked VLSI to identify the basis for the subpoena.  Ex. A at 8-9.  VLSI responded on October 31 and November 7, identifying only a general description of Mr. Krzanich's job responsibilities.  *Id.* at 6-8.  The parties have agreed that the subpoena return date is held in abeyance pending resolution of this Motion.

### II.    Legal Standards

Because senior executives are particularly susceptible to abusive and harassing discovery, "Courts in this circuit consider two factors when assessing whether the deposition of a high-ranking corporate officer, executive or manager is appropriate: (1) whether the executive or top-level employee has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can 'be obtained from lower[-]level employees or through less burdensome means, such as interrogatories.'" *Ford Motor Co. v. Edgewood Props., Inc.*, 2011 WL 677331, at *2 (D.N.J. Feb. 15, 2011) (citation omitted).  Courts have made clear that "the standards that govern depositions of corporate executives apply with equal force to former executives."  *See Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2 (D. Conn. Mar. 26, 2010); *Robertson v. McNeil-PPC Inc.*, 2014 WL 12576817, at *17 (C.D. Cal. Jan. 13. 2014) ("Courts have found that former executives ... are covered by the apex doctrine.").

A party may seek to quash or modify a non-party subpoena when "the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information." *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, 2009 WL 2753197, at *1 (D. Del. Aug. 28, 2009).  A party may also seek to quash or modify non-party subpoena "if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*, 2014 WL 7073466, at *4 (D.N.J. Dec. 15, 2014) (citing *US EEOC v. United Galaxy*, 2011 WL 4072039 (D .N.J. Sept. 13, 2011)) (finding that defendant "does have standing under Rule 26 to move for a protective order to enjoin the production of irrelevant information for subpoenas issued to non-parties").

### III.   Mr. Krzanich is an Apex Witness Who Does Not Have Unique Knowledge That Cannot Be Obtained Through Less Burdensome Means

Mr. Krzanich was the most senior officer of Intel, a company with over 100,000 employees.  He is also

the current CEO of a publicly traded software company with 9,000 employees.  Accordingly, Mr. Krzanich is an apex witness.  *See, e.g.*, *Rodriguez*, 2010 WL 1286989, at *2.  Moreover, Mr. Krzanich does not have unique knowledge related to issues in this litigation that cannot be obtained through less burdensome discovery of Intel, including fact witness and Rule 30(b)(6) testimony or interrogatories.  Indeed, VLSI has noticed the depositions of over 25 Intel employees and served nearly 100 Rule 30(b)(6) topics, on which Intel has designated 12 witnesses to date.  VLSI can and should seek discovery through these less-burdensome means and need not take the deposition of an apex witness.

VLSI has identified only the following three broad categories of testimony that it seeks from Mr. Krzanich[1]:

1. Testimony regarding (unidentified) public statements by Mr. Krzanich regarding "benefits associated with processor performance and improved battery life" and "the performance of the accused Intel products and functionalities."  Ex. A at 6-8.

2. Testimony regarding a set of documents that Mr. Krzanich purportedly sent or is named in, including Intel's Code of Conduct, presentations regarding Intel's strategy, and e-mails "congratulat[ing] Intel teams for product releases"; "discussing product errors"; and "discussing Intel's 'core values' and 'acting as a role model for ethical behavior.'"  *Id.*

3. Testimony regarding Mr. Krzanich's general knowledge regarding Intel's business, including the accused products and features, their performance and launches, their marketing, Intel's strategy for growth, and Intel's code of conduct and "core values."  *Id.*

Mr. Krzanich has no unique knowledge on these topics that cannot be obtained by other less burdensome means.

High-level statements that are typical of senior executives—*e.g.*, public statements on earnings calls, internal statements on general strategy, and statements regarding company values—do not imply unique, firsthand knowledge that would justify an apex deposition.  *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265-66 (N.D. Cal. 2012) (granting protective order and denying motion to compel apex deposition where only basis for request was "statements of a business executive voicing [the] need to remain competitive and to plan its designs accordingly.").  These are precisely the types of statements that VLSI cites here: public statements on earnings calls, in conferences, or in news articles, and emails to large groups of employees about strategy and values.  These types of statements do not indicate that Mr. Krzanich has unique knowledge.  If VLSI's high-level justifications were sufficient, apex witnesses would be subject to deposition in any case simply because they have made statements about the company's business.  That is not the standard.

Moreover, the categories of topics on which VLSI seeks testimony are very general.  VLSI's requests for testimony about the benefits of improved battery life, performance of accused products, and Intel's strategy and values are both vague and untethered to specific patents.  Indeed, even if Mr. Krzanich had *some* knowledge regarding the topics VLSI identifies, that fact alone would not justify seeking his deposition.  *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *4 (N.D. Cal. Jan. 25, 2007) (denying request for apex deposition where party "fail[ed] to show that [any] personal knowledge .

---

[1] VLSI has not identified more specific documents or categories despite Intel's repeated requests.

. . is 'unique.'"; "This is an essential component of the standard for an apex deposition—unique personal knowledge by the high corporate official, unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees.").

To the extent that VLSI has questions that are specific to accused functions or damages, it can seek that discovery from lower-level employees, including engineers that Intel has identified in its disclosures, a senior executive that VLSI already deposed (Intel Corporate Vice President Rosemary Schooler), and Intel's multiple Rule 30(b)(6) designees. Indeed, VLSI acknowledges that Mr. Krzanich's testimony would be relevant to seven Rule 30(b)(6) topics for which Intel has designated or will designate witnesses, subject to objections.[2] Intel has also answered interrogatories directed to technical aspects of the accused products and Intel's damages theories.

VLSI has offered only two specific justifications for seeking Mr. Krzanich's deposition. **First**, VLSI cites documents that Mr. Krzanich distributed, including, in particular, the Intel Code of Conduct. As Intel has informed VLSI, Mr. Krzanich did not author the Code of Conduct, and his cover letter attaching and circulating that document does not justify his deposition, especially where Intel will provide a Rule 30(b)(6) witness regarding the non-privileged aspects of its contents. Ex. B at 121-122. **Second**, VLSI argues that because Mr. Krzanich is a former employee, it is seeking discovery that it cannot obtain from Intel. This is incorrect. All of the topics for which VLSI seeks testimony relate to *Intel's* business, strategy, or products. Any relevant information will come from Intel's witnesses or its corporate knowledge in response to VLSI's Rule 30(b)(6) notice.[3] *Contra LivePerson, Inc. v. [24]7.Ai, Inc.*, 2018 WL 1319424, at *2 (N.D. Cal. Mar. 14, 2018) (court allowing deposition of apex former employee only where party listed him in initial disclosures).

### IV. Intel Has Standing to Protect Against VLSI's Abusive, Irrelevant Discovery Request Regarding Intel Privileged and/or Confidential Information

Intel has standing to challenge VLSI's subpoena. **First**, the testimony that VLSI seeks relates to confidential and/or privileged information about Intel's products, practices, and strategy. In particular, Intel believes VLSI intends to seek testimony regarding Intel's patent policy, which Intel has repeatedly confirmed is subject to the attorney-client privilege, or Intel's highly confidential commercial strategy. Intel thus has strong privilege and privacy interests over Mr. Krzanich's potential testimony. *Ace Hardware*, 2009 WL 2753197, at *1. **Second**, as detailed above, VLSI has not articulated a reason why it seeks information that is not specifically relevant to a claim or defense in this case or proportional to the needs of this case. Intel has a strong interest in protecting its former employees from abusive, irrelevant discovery. *Aetrex*, 2014 WL 7073466, at *4 (a party may move to quash a non-party subpoena "if it believes its own interests are jeopardized by discovery sought … and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information.").

### V. Conclusion

Intel respectfully requests that the Court enter a protective order preventing VLSI's deposition subpoena of Mr. Krzanich.

---

[2] The parties will meet and confer on any dispute regarding topics to which Intel has objected.
[3] VLSI has offered to limit the deposition to four hours, but this does not eliminate the burden or imposition on Mr. Krzanich or address the lack of relevance or his lack of unique knowledge.

        Respectfully,

        */s/ Jack B. Blumenfeld*

        Jack B. Blumenfeld (#1014)

JBB/rah
Attachments

cc: Clerk of Court (via hand delivery; w/attachments)
   All Counsel of Record (via electronic mail; w/attachments)