IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No. 18-0966-CFC |

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Morgan Chu, Benjamin Hattenbach, Amy Proctor, Dominik Slusarczyk, Charlotte J. Wen, IRELL & MANELLA LLP, Boston, Massachusetts; Christopher Abernethy, Iian Jablon, Adina Stohl, Brian Weissenberg, IRELL & MANELLA LLP, Los Angeles, California; Ben Yorks, IRELL & MANELLA LLP, Newport Beach, California

   *Counsel for Plaintiff*

Jack B. Blumenfeld, Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Robert Kent, TURNER BOYD LLP, Redwood City, California

   *Counsel for Defendant*

**MEMORANDUM OPINION**

June 26, 2020
Wilmington, Delaware

*[signature: Colm F. Connolly]*

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Pending before me is VLSI Technology LLC's motion to amend its Complaint. D.I. 257. By its motion, VLSI seeks to add claims for indirect infringement and for enhanced damages based on willful infringement of U.S. Patent Nos. 6,212,633 (the #633 patent) and 7,523,331 (the #331 patent).[1] Defendant Intel Corporation opposes the motion insofar as the claims VLSI seeks to add are for pre-suit infringement. D.I. 275 at 1, 4.[2]

---

[1] VLSI also seeks in its motion to add claims for indirect infringement and for enhanced damages based on willful infringement of U.S. Patent Nos. 7,247,552 (the #552 patent) and 8,081,026 (the #026 patent). D.I. 257 at 1. The case, however, has been stayed with respect to those patents; and the parties have agreed that "VLSI's requests [in the present motion to amend] to add allegations regarding the [#]026 and [#]552 patents need not be decided at this time." D.I. 617 at 3.

[2] Intel also objected to VLSI's motion to the extent VLSI sought to add claims for enhanced damages based on post-suit willful infringement of the #633 patent, which expired before VLSI filed this suit. D.I. 275 at 18. In its reply brief, however, VLSI "clarif[ied] that it is not alleging post-filing willful infringement" of that patent. D.I. 286 at 2 n.1. For reasons not clear from the record, Intel has not objected to VLSI's remaining claims for post-suit indirect infringement and enhanced damages based on post-suit willful infringement. *See VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (holding that "the complaint itself cannot serve as the basis for a defendant's actionable knowledge" for a willful infringement claim because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim"); *Kaufman v. Microsoft Corp.*, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (holding that "Plaintiff's theory [of post-suit knowledge of asserted patents] is without merit" and "not the law in this district").

I.     BACKGROUND

VLSI's Complaint originally included claims for indirect infringement of the #633 and #331 patents and enhanced damages based on willful infringement of those patents. D.I. 1 ¶¶ 32–33, 37, 114–15, 119. Intel, however, moved to dismiss those claims, D.I. 17, and I granted Intel's motion because the Complaint failed to state a plausible claim that Intel knew of or was willfully blind to Intel's infringement of the two patents, D.I. 110 at 5.

In support of its attempt to reintroduce these claims to the case, VLSI seeks to add to the Complaint allegations that Intel "regularly monitors its competitors' activities, which are often in the same field and involve similar products"; that "Intel has acknowledged that competitors may have patents covering similar products"; that the prior assignee of the #633 and #331 patents, NXP, is Intel's competitor and Intel monitors NXP's activities; and that Intel previously engaged NXP to purchase "other NXP patents." *Id.*, Ex. A ¶¶ 32, 123.

VLSI also seeks to add more detailed allegations regarding Intel's "publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals." *Id.*, Ex. A ¶¶ 33, 124. VLSI's proposed amended complaint states that Intel employees "have admitted that this policy's purpose is to avoid possible triple damages for willful infringement." *Id.*, Ex. A ¶ 33 (internal quotation marks omitted). And the proposed amended complaint

2

alleges that "[b]ecause a patentee cannot recover triple damages for an infringer's mere knowledge of a patent, Intel's policy necessarily include[s] avoiding review of known patents to avoid learning of infringement." *Id.*, Ex. A ¶ 33.

VLSI argues that "[w]ith these new allegations, VLSI's proposed complaint states a claim that is more than plausible for enhanced damages based on Intel's willfulness, and for pre-filing indirect infringement." *Id.* at 2.

## II.   LEGAL STANDARDS

### A.   Motion to Amend

"If the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied as futile." *Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co.*, 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016) (citation omitted). To survive a motion to dismiss, a complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Detailed factual allegations are not required, but the complaint must include more than mere

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted).

### B. Indirect Infringement

Indirect infringement "requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). A patentee can establish knowledge of patent infringement by showing that the defendant was willfully blind—i.e., by showing that the defendant (1) subjectively believed that there was a high probability that the induced acts constituted infringement and (2) took deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

### C. Enhanced Damages Based on Willful Infringement

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). The statute provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Although the Court in *Halo* intentionally "eschew[ed] any rigid formula for awarding enhanced damages under § 284," 136 S. Ct. at 1934, the Court held that the legal principles "developed over nearly two centuries of application and interpretation of the Patent Act . . . channel the exercise of [the

4

district court's] discretion" and "limit[ ] the award of enhanced damages to egregious cases of misconduct beyond typical infringement," *id.* at 1935. Thus, enhanced damages awards under § 284 are available only in "egregious cases" of misconduct that involve more than "typical" infringement. *Id.* As the Court explained, the enhanced damages award provided by § 284 was "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior . . . [that] has been variously described in [the Court's] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932.

Although "§ 284 allows district courts to punish th[is] full range of culpable behavior," *id.* at 1933, in the vast majority of patent cases filed today, claims for enhanced damages are sought based on allegations of willful misconduct—so much so that, even though the words "willful" and "willfulness" do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced damages brought under § 284 as "willful infringement claims." Indeed, some parties and courts refer to such claims as willful infringement "causes of action" even though § 271 of the Patent Act, which creates causes of action for direct, induced, and contributory infringement, does not mention or suggest such a thing

5

as "willful infringement."[3]

The fact that willfulness is the most common type of misconduct alleged by plaintiffs who invoke § 284 makes sense, as willful conduct "serve[s] as [the] floor for culpable behavior that may incur enhanced damages." ROBERT L. HARMON, CYNTHIA A. HOMAN & LAURA A. LYDIGSEN, PATENTS AND THE FEDERAL CIRCUIT, § 17.3(a), at 1378 (13th ed. 2017). It also explains the Court's statement in *Halo* that enhanced damages under § 284 "should generally be reserved for egregious cases *typified* by willful misconduct." 136 S. Ct. at 1934 (emphasis added).

In assessing the egregiousness of a defendant's conduct for § 284 purposes, "culpability is generally measured against the knowledge of the [defendant] at the time of the challenged conduct." *Id.* at 1933. The Court in *Halo* rejected the Federal Circuit's requirement announced in *In re Seagate Technology, LLC*, 497

---

[3] *See, e.g., Välinge Innovation AB v. Halstead New Eng. Corp.*, 2018 WL 2411218, at *5 (D. Del. May 29, 2018); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353 (W.D. Wash. 2014); *Trs. of Univ. of Pa. v. St. Jude Children's Research Hosp.*, 982 F. Supp. 2d 518, 529–30 (E.D. Pa. 2013); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012); *Inv. Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 409 (S.D.N.Y. 2010); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp. 2d 1285, 1290 (S.D. Fla. 2010); *Dura Glob. Tech., Inc. v. Magna Donnelly Corp.*, 665 F. Supp. 2d 787, 789 (E.D. Mich. 2009); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 691 (E.D. Va. 2000); *Heil Co. v. Hartford Accident and Indem. Co.*, 937 F. Supp. 1355, 1361 (E.D. Wis. 1996); *In re Recombinant DNA Tech. Pat. and Contract Litig.*, 850 F. Supp. 769, 771 (S.D. Ind. 1994).

F.3d 1360 (Fed. Cir. 2007) (en banc) that a patentee show "objective recklessness" in order to prove willful misconduct for § 284 purposes. The Court reasoned that the "objective recklessness" test insulated many of the most culpable infringers from § 284's punitive sanctions because it made dispositive invalidity and non-infringement defenses asserted at trial even if the infringer had not acted on the basis of those defenses or was even aware of them. In the Court's words: "Under that standard, someone who plunders a patent—infringing it without any reason to suppose his conduct is arguably defensible—can nevertheless escape any comeuppance under § 284 solely on the strength of his attorney's ingenuity." *Halo*, 136 S. Ct. at 1933. Thus, the Court held that, in cases where the asserted basis for enhanced damages is willful misconduct, it is "[t]he subjective willfulness of [the] patent infringer, intentional or knowing, [that] may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.*

The Court's "intentional or knowing" clause makes clear that willful infringement is—at a minimum—knowing infringement. This standard is consistent with the Supreme Court's holding in *Global-Tech*, that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." 563 U.S. at 766. Since § 284 enhanced damages are available in cases of induced infringement, *see, e.g.*, *Barry v. Medtronic, Inc.*, 2019

7

WL 302886, at *17 (Fed. Cir. Jan. 24, 2019); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1385 (Fed. Cir. 2013); *ACCO Brand, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1314 (Fed. Cir. 2007); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1371 (Fed. Cir. 2004), and since, under *Halo*, § 284's enhanced damages award is reserved only for egregious cases, it would seem incongruous if not illogical to require a lesser showing of culpability for enhanced damages under § 284 than for induced infringement under § 271(b).

The Federal Circuit emphasized in *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) that under *Halo* enhanced damages are available only if a showing of something more than intentional or knowing infringement is made:

> As the Supreme Court stated in *Halo*, "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." While district courts have discretion in deciding whether or not behavior rises to that standard, such findings "are generally reserved for egregious cases of culpable behavior." Indeed, as Justice Breyer emphasized in his concurrence, it is the *circumstances* that transform simple "intentional or knowing" infringement into egregious, sanctionable behavior, and that makes all the difference.

*Id.* (emphasis in original) (citations omitted).[4]

---

[4] I am aware that in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017), the Federal Circuit held that proof that a

8

Neither the Supreme Court in *Halo* nor the Federal Circuit in *SRI* directly addressed the pleading requirements for an enhanced damages claim. Because of the difficulty in articulating precisely the range or type of circumstances that would transform a "simple 'intentional or knowing'" infringement claim into an enhanced damages claim, the safest course is to allow an enhanced damages claim to proceed beyond the pleadings stage if the operative pleading alleges facts from which it can be plausibly inferred that the party accused of infringement had knowledge of the asserted patent and knowledge that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent. And since the doctrine of willful blindness applies in patent cases, *see Global-Tech*, 563 U.S. at

---

defendant "should have known that its actions constituted an unjustifiably high risk of infringement" was enough to establish willfulness under *Halo*. In so holding, the Court expressly rejected the defendant's argument that this "'should have known' standard contradicts *Halo*." *Id.* Two other Federal Circuit decisions issued after *Halo* held that a plaintiff can establish willfulness for § 284 purposes with proof that "the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known." *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal quotation marks and citations omitted), *rev'd on other grounds*, 138 S. Ct. 2129 (2018); *see also WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (citing *Arctic Cat*, 876 F.3d at 1371) (holding that in reviewing "under the new *Halo* standard" a district court's award of enhanced damages, "we must determine whether the evidence, when viewed in the light most favorable to [the plaintiff], was sufficient to prove by a preponderance of the evidence that [the defendant] acted despite a risk of infringement that was either known or so obvious that it should have been known to [the defendant]"). All three of these cases were decided before *SRI*, and, in my view, cannot be reconciled with *Halo*. I will therefore follow *SRI*.

766, a willful infringement-based claim for enhanced damages survives a motion to dismiss if it alleges facts from which it can be plausibly inferred that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent.

### III.  DISCUSSION

I will deny VLSI's motion to amend because VLSI's attempt to reallege its claims for pre-suit indirect infringement of the #633 and #331 patents and willfulness-based enhanced damages would be futile.  Although, as I previously held, VLSI "plausibly alleges that Intel knew of the existence of the #633 [and] #331 patents," D.I. 110 at 3, VLSI's proposed amended complaint does not plausibly allege that Intel knew of or was willfully blind to Intel's infringement of the #633 and #331 patents.

First, the new proposed allegations that VLSI seeks to add to its Complaint do not support a plausible inference that Intel knew it infringed the #633 and #331 patents.  The allegations state that Intel monitored its competitors' activities generally (including the prior assignee of the asserted patents, NXP), that Intel knew its competitors "may have" patents covering Intel's similar products, and that Intel engaged NXP to acquire "other" NXP patents.  D.I. 257, Ex. A ¶¶ 32, 123.

10

None of those allegations, however, specifically concern the #633 or #331 patents. Allegations about monitoring competition generally and about patents not asserted here do not plausibly establish that Intel had knowledge of infringement of the #633 and #331 patents.

The proposed new allegations also fail to allege plausibly that Intel was willfully blind to its infringement of the #633 and #331 patents. VSLI argues that willful blindness can be plausibly inferred from its new allegations regarding Intel's "publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals." D.I. 257 at 7. But having a general policy with respect to thousands of patents in a field of technology does not plausibly establish or imply that Intel subjectively believed there was a high probability that its acts constituted infringement of two specific patents.

## IV. CONCLUSION

For the foregoing reasons, I will grant in part and deny in part VLSI's motion to amend the Complaint. I will grant the motion insofar as VLSI seeks to add claims based on post-suit infringement. I will deny the motion in all other respects.

The Court will enter an order consistent with this Memorandum Opinion.

11