IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Civil Action No. 18-0966-CFC |

## **MEMORANDUM ORDER**

Plaintiff VLSI Technology LLC has sued Defendant Intel Corporation for patent infringement. D.I. 1. Before me are two motions filed by VLSI to reintroduce into the case certain claims of the asserted patents. D.I. 276; D.I. 580.

VLSI asserted in its January 2019 infringement contentions that Intel infringes 82 claims across five patents. D.I. 278, Ex. 2. On April 3, 2019, I held a conference with the parties to "discuss narrowing the number of claims and prior art combinations in the case." D.I. 40 ¶ 3(e). VLSI proposed at the conference that it narrow the number of asserted claims "down to 56 within the next few weeks, 25 after the claim construction order and 18 at the close [of] expert discovery." Tr. 25:9–11. VLSI argued that because the 56 claims it sought to keep in the case until claim construction each recited different limitations and those unique limitations formed the basis for Intel's noninfringement positions, the

"claims each raise unique issues of infringement, and under the due process guidelines set forth in [*In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303 (Fed. Cir. 2011)] and its progeny [those claims] shouldn't be tossed out of the case through a claim narrowing process." Tr. 9:9–12:6. I rejected this argument, noting that I could not believe *Katz* stands for the proposition that due process demands that "a simple assertion of noninfringement . . . to a [claim] limitation creates a unique issue that requires" keeping the claim in the case. Tr. 13:1–17, 60:16–19.

Shortly after the conference, I issued a claims narrowing order that required VLSI to reduce the number of asserted claims to 25 by April 26, 2019 and to further narrow the number of asserted claims to 18 after claim construction. D.I. 136 at 1. But I also ruled that "[VLSI] may seek to add at a later date asserted claims . . . upon a showing of good cause that includes a demonstration that the addition of the proposed new claims . . . is necessary to vindicate [VLSI's] due process rights." D.I. 136 at 2 n.1.

Consistent with my claims narrowing order, VLSI dropped 57 claims by April 26, 2019. D.I. 581, Ex. 1 at 1. In September 2019, VLSI filed its first motion to reintroduce claims. D.I. 276. It seeks by that motion to reintroduce 30 of the dropped claims. D.I. 276 at 1.

On December 19, 2019, I issued the second of two claim construction

2

orders. D.I. 483; *see also* D.I. 406. On January 3, 2020, VLSI further reduced the number of asserted claims to 18. D.I. 582, Ex. 2 at 1. In February 2020, VLSI filed its second motion, seeking to reintroduce an additional five claims. D.I. 580.

District courts have inherent authority "to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). District courts thus have discretionary authority to reasonably limit the number of patent claims asserted in a patent case. *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011).

Because VLSI has failed to establish good cause to reintroduce the 35 claims in question, I will deny its motions. As an initial matter, VLSI has pointed to no changed circumstances since my claims narrowing order—such as an adverse claim construction ruling or discovery of source code or other new evidence—that would justify the reintroduction of the claims in question. I also find that VLSI's contention that due process requires that it be allowed to assert 53 claims after claim construction rings hollow. Having asked me last April to limit the number of asserted claims after claim construction to 25—i.e., only seven more claims than permitted by my claims narrowing order—for VLSI to say now that due process "mandates" that it be permitted to assert more than double that number strains credulity.

3

Finally, the thrust of VLSI's argument remains that "each claim it seeks to reintroduce presents 'unique questions of validity or infringement,'" D.I. 277 at 3; D.I. 581 at 6, and that, under *Katz*, "if the claim presents 'unique issues' on matters such as infringement, validity, or damages. . . . due process mandates their reintroduction into, or severance and stay from, the case," D.I. 277 at 2; D.I. 581 at 3. But if due process required courts to allow plaintiffs to assert a claim merely because the claim presented a unique issue of infringement and/or validity, this District Court—in which plaintiffs routinely assert in hundreds of patent cases each year dozens of patents with dozens of claims—could not function. Each claim of a patent defines a separate invention. *Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984); Robert L. Harmon, Cynthia A. Homan & Laura A. Lydigsen, *Patents and the Federal Circuit*, §6.2(a)(i), at 419 (13th ed. 2017). Accordingly, absent a defendant's agreement not to dispute the infringement or validity of the limitations of a claim that are not shared by other claims, each claim of an asserted patent necessarily presents a unique issue of infringement or invalidity. Thus, as a practical matter, under VLSI's reading of *Katz*, district courts could never limit the number of claims asserted by a plaintiff, and this Court's docket would grind to a halt.

WHEREFORE, at Wilmington this Third day of August in 2020:

**IT IS HEREBY ORDERED** that Plaintiff VLSI Technology LLC's Motion

4

to Reintroduce Certain Asserted Patent Claims, or to Sever Such Claims Into a Separate Action to be Stayed (D.I. 276) and Plaintiff VLSI Technology LLC's Second Motion to Reintroduce Certain Asserted Patent Claims, or to Sever Such Claims Into a Separate Action to be Stayed (D.I. 580) are **DENIED.**

_____
UNITED STATES DISTRICT JUDGE