**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-966-CFC |
| | ) |
| INTEL CORPORATION, | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER**

As announced at the telephonic hearing on November 24, 2020, Intel's Motion to Stay All Proceedings (D.I. 643) is DENIED. My ruling regarding the pending motion was announced from the bench at the conclusion of the hearing as follows:

> My ruling on Intel's Motion to Stay All Proceedings (D.I. 643) is as follows. I will not be issuing a separate written opinion, but I'll state for the record that we followed a full process for making the decision. There was full briefing on the motion. (D.I. 644, 650, 655.) The briefs attached declarations and exhibits. (D.I. 645, 651, 652, 667.) I've heard oral argument today, and all of the submissions and arguments have been carefully considered. For the reasons I will discuss, Intel's motion is denied.
>
> I'll briefly summarize the background and procedural posture of the motion. This is a patent infringement action brought by VLSI against Intel alleging infringement of four of VLSI's patents. The case has been pending for over two years, since June 2018. There has been a lot of litigation activity in the last two years. As of today, there were 667 entries on the docket. Notably, the case has already been the subject of a motion to stay pending *inter partes* review, which Judge Burke granted in part in May 2020. (D.I. 615.) Judge Burke granted a partial stay only as to the two patents involved in the IPR. He declined to stay proceedings on the other two patents, noting that the parties had "already invested a tremendous amount of time and energy" in the matter. It is now late

November 2020. Fact discovery with respect to the non-stayed patents has closed, and the parties have exchanged reply expert reports. All that remains of expert discovery are depositions. Dispositive motions are currently due in March 2021. (D.I. 666.)

In August [2020], Intel filed the pending motion to stay all proceedings. The gist of Intel's motion is that it has a license to VLSI's patents, and that this case should be stayed so that Intel can bring an action in the Delaware Court of Chancery to determine its rights under the ▮▮▮. The document that gives rise to Intel's contention that it has a license is attached as Exhibit A to the declaration of Greg Lantier. (D.I. 645-1.) That document is entitled



The preamble states that it ▮▮▮" ▮▮▮ is defined in Section 1.2 of the agreement to include an entity that, ▮▮▮ And it states that ▮▮▮



Section 3.1 of the ▮▮▮ agreement provides Intel with a ▮▮▮ Section 4.1 contains ▮▮▮ is defined elsewhere in the agreement, and it includes ▮▮▮," and ▮▮▮

Section 9.3 of the agreement sets forth ▮▮▮

███████████████████████
███████████

According to Intel, it obtained a license to the VLSI patents asserted in this case because ████████████████████████ ████████. Intel contends that VLSI is controlled by a company called Fortress Investment Group LLC. According to Intel, Fortress, through funds it controls, acquired Finjan Holdings and its subsidiaries, including at least one of the parties to the 2012 Finjan/Intel agreement. Intel says that the result is that VLSI and Finjan are now ████████████████ [and are thus █████████] within the meaning of the agreement, which means that VLSI's patents are █████████████ within the meaning of the agreement. Which, in turn, means that Intel has a license to VLSI's patents.

On September 16, 2020, Intel triggered the [formal] dispute resolution process under the agreement with respect to the following issues: (1) whether Intel has a license to VLSI's patents under the agreement; and (2) whether the license was breached. (D.I. 667-1, Ex. B.) Finjan requested mediation in the first two weeks of December 2020. (D.I. 667-1, Ex. A.)

In the pending motion before this Court, Intel wants to stay this litigation entirely while it engages in the dispute resolution process set forth in the 2012 agreement, including, if necessary, through litigation in the Delaware Court of Chancery.

This Court has inherent power to stay proceedings and otherwise control its docket.[1] Whether to grant a stay is a matter within the Court's discretion.[2] Courts in this district "typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[3] The parties agree that the

---

[1] *British Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019).

[2] *f'real Foods, LLC v. Welbilt, Inc.*, No. CV 19-1028-CFC, 2019 WL 5626857, at *2 (D. Del. Oct. 31, 2019).

[3] *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017); *see also f'real Foods*, 2019 WL 5626857, at *2.

3

Court should consider those factors in determining how best to exercise its discretion.

"Although the three-factor test informs the Court's inquiry, that test is not a prescriptive template. The district court retains the 'discretionary prerogative to balance considerations beyond those captured by the three-factor stay test.'"[4] As Intel points out, courts sometimes also consider whether the moving party would face hardship or inequity in going forward with the litigation.[5]

Intel argues that the first factor, whether a stay will simplify the issues, favors a stay. Of course, if Intel has a license to the patents-in-suit, that would be a complete defense to VLSI's patent infringement claims. But a stay to allow concurrent litigation over a license would not simplify the issues in the same way as, for example, a stay pending an IPR. Unlike an IPR proceeding where the Court benefits from statutory estoppel, the views of the PTAB, and a supplemented intrinsic record, here efficiencies would be realized only if Intel succeeds on the merits of its license argument.

VLSI, for its part, vigorously disputes Intel's argument that it has a license to the patents-in-suit. Among other things, VLSI contends that it is not a party to the 2012 agreement and, therefore, cannot be bound by that agreement. VLSI also disputes that it and Finjan  VLSI also contends that its patents cannot be .

While I do not need to comment on the merits of Intel's argument at this time, I note that the license question is hotly disputed, and this is not the type of case where efficiencies may be realized notwithstanding the merits of Intel's anticipated litigation over a license.

---

[4] *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *4 (D. Del. Aug. 21, 2019) (quoting *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).

[5] *Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 30, 2019).

Moreover, it is not clear to me that the Chancery Court litigation would simplify the issues here. Intel's opening brief suggested that VLSI itself was bound by the 2012 ■■■ agreement. If that were the case, however, it's not clear why Intel could not and would not assert its license from VLSI as a defense in this case.

In its reply brief and during the hearing today, Intel alternatively suggested that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. I won't comment on the merits of that argument, except to say that it is not apparent that [Intel's success in state court] would necessarily result in VLSI granting Intel a license, as opposed to Intel obtaining breach of contract damages against Finjan. In other words, it is possible that the litigation will have to continue here even if Intel succeeds in Chancery Court against Finjan.

Finally, and importantly, Intel has yet to file a case in Chancery Court. Consistent with other decisions in this district, I am hesitant to grant a stay in anticipation of yet-to-be-[instituted] proceedings.

Accordingly, while it is possible that the yet-to-be-filed Chancery proceedings might simplify this litigation if Intel succeeds, I do not believe that the first factor strongly weighs in favor of a stay.

Intel argues that the second factor favors a stay because the case is at an efficient stopping point and no trial date has been set. VLSI responds that this case has been pending for over two years, fact discovery has been completed, and expert discovery is substantially advanced.

The advanced stage of this case weighs against the granting of a stay. Judge Burke recognized in May that the Court and the parties have already invested a tremendous amount of time and energy in the case. It is now November, and the parties and the Court have invested even more time. The parties have already exchanged expert reports. Expert discovery closes in February 2021, and dispositive motions are due a month later. While it is not disputed that the merger giving rise to Intel's license argument only consummated in June and that Intel is diligently pursuing its rights under the procedure outlined in the [2012 Finjan/Intel] agreement, I

5

am hesitant to stay this case at this late stage in anticipation of Intel's yet-to-be-filed Chancery litigation. That factor weighs against a stay.

Intel argues that the third factor, whether the non-moving party would be unduly prejudiced or tactically disadvantaged, favors a stay because VLSI is a non-practicing entity and can fully recover any damages caused by delay. VLSI responds that it will be prejudiced by a stay. VLSI argues, among other things, that prolonging this litigation will interfere with its licensing business. VLSI also argues that a stay here would prejudice its defense of a separate antitrust suit brought by Intel and others in the Northern District of California in which Intel alleges that VLSI has pursued meritless patent litigation, including this litigation.

Solely for purposes of the argument, I will assume that Intel is right and disregard VLSI's claims of undue prejudice based on interference with its licensing business and its defense of the California litigation. Nevertheless, [courts in this district] have recognized that delay does cause harm to a non-moving party because it prolongs resolution of the dispute.[6] And this is true even where the plaintiff is a non-practicing entity.[7] This factor may not weigh strongly against a stay, but it does not weigh in favor of a stay, either.

Finally, Intel argued in its brief that it will be harmed absent a stay because it bargained for not only ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That is a curious argument, because a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ While Intel argues that it would "not necessarily be able to recover all the resources expended in this case should it ultimately prevail" in showing that it holds a license, Intel has not persuasively explained why that is so. Accordingly, I find that this factor does not strongly favor a stay.

---

[6] *See, e.g., Hip, Inc. v. Hormel Foods Corp.*, No. CV 18-615-CFC, 2019 WL 7667104, at *1 (D. Del. May 16, 2019) ("[S]taying a case . . . risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." (alteration in original) (quoting *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12–1744–GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013))).

[7] *Id.*; *see also Copy Protection LLC v. Netflix, Inc.*, No. CV 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) ("While Plaintiff's status as a non-practicing entity reduces the prejudice it would suffer from a stay . . . there remains a potential for undue prejudice.").

    On balance, I am not persuaded that a stay is appropriate here. Intel has not yet filed a case in Chancery Court, and the chances that a future case will simplify the issues here are slimmer than in the types of cases in which courts in this district usually grant stays. This case is at an advanced stage, and the parties and the Court have invested time and resources. For those reasons, Defendant Intel's motion to stay is denied.

Accordingly, for the reasons set forth above, Intel's Motion to Stay all Proceedings (D.I. 643) is DENIED.

This Memorandum Order relies on material set forth in filings that remain under seal. Accordingly, I am issuing this Memorandum Order under seal, pending review by the parties. In the event that any party contends that portions of this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version no later than 6:00 p.m. on December 2, 2020, for review by the undersigned, along with a motion supported by a declaration that includes a detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). The Court intends to issue a public version of this Memorandum Order no later than December 4, 2020.

Dated: November 25, 2020

                          Jennifer L. Hall
                          UNITED STATES MAGISTRATE JUDGE