IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-966 (CFC) (CJB) |
| | ) | |
| INTEL CORPORATION, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM
JEREMY A. TIGAN REGARDING PROTECTIVE ORDER DISPUTE**

OF COUNSEL:

William F. Lee
Dominic E. Massa
Joseph J. Mueller
Jordan L. Hirsch
Louis Tompros
Felicia H. Ellsworth
Kate Saxton
Benjamin N. Ernst
Thomas F. Lampert
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Gregory H. Lantier
Amanda L. Major
Joshua L. Stern
Richard A. Crudo
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

S. Calvin Walden
Jeffrey A. Dennhardt
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6359

Arthur W. Coviello
Christine E. Duh
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6069

*Attorneys for Defendant*

**Confidential Version Filed: January 27, 2021**

**Public Version Filed: February 4, 2021**

Dear Judge Burke:

Intel Corporation ("Intel") submits this letter for an order granting relief under Paragraphs 16, 17, and 43 of the Protective Order in this litigation.  (D.I. 96.)

*Background on Dispute*

Intel and Apple Inc. ("Apple") filed suit against various defendants, including VLSI Technology, LLC ("VLSI"), on November 20, 2019 in *Intel Corp. v. Fortress Inv. Group et al.*, 3:19-cv-07651-EMC (N.D. Cal.) ("Antitrust Litigation").  On August 4, 2020, Apple and Intel filed an amended complaint.  In their complaint and amended complaint, Apple and Intel challenged the defendants', including VLSI's, anticompetitive scheme of acquiring substitute and complementary patents in particular markets relating to electronic devices and components or software therein and processes used to manufacture them, and then using their aggregated portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive contributions of and competitive prices for the patents.  Apple and Intel have alleged in the Antitrust Litigation that the '331 and '633 patents asserted in this litigation are among those patents that have been aggregated anticompetitively.

On January 6, 2021, the district court dismissed Apple and Intel's amended complaint and noted that Apple and Intel "could have . . . asked the courts presiding over the VLSI infringement suits against Intel for relief from the protective order so that they could make a filing under seal in this case" in order to provide evidence to support these allegations, including about how much VLSI "paid to acquire" patents at issue in the markets.  3:19-cv-07651-EMC, D.I. 230 at 26 n.9. The district court further found "shortcomings" in Apple and Intel's allegations about how the defendants are alleged to have "extracted supracompetitive royalties," including that (1) the amended complaint "provided no information about, *e.g.*, what these companies [which licensed specified patents from defendant Uniloc] paid as part of their settlements with Uniloc," (2) there are no allegations regarding whether the patents identified in the amended complaint "represent the 'crown jewels' of the field or just a small portion of a large field of substitutes," and (3) Apple and Intel "failed to make allegations tying the pricing differential to aggregation of the patents at issue" in the amended complaint.  *Id.* at 23-27.  The district court granted Apple and Intel leave to file a second amended complaint within 30 days, i.e., by February 5, 2021.

Apple and Intel intend to file a second amended complaint to address the "shortcomings" found by the district court.  To support the allegations in a proposed second amended complaint, Intel seeks Court authorization under paragraphs 16, 17, and 43 of the protective order (D.I. 96) in the instant action to file under seal in the Antitrust Litigation (1) information describing the amount that VLSI paid for the '331 and '633 patents, such as the purchase price of any patent portfolio encompassing the '331 and '633 patents, and (2) information describing the damages demands and royalty estimates regarding the alleged value or significance of the '331 and '633 patents that VLSI has put forth in this litigation.  In particular, Intel requests permission to (1) share on an Outside Counsel Eyes Only basis the following information and documents with counsel for Apple and Intel in the Antitrust Litigation and (2) for counsel for Apple and Intel in the Antitrust Litigation to file under seal in the Antitrust Litigation portions of the following documents and the information contained in them:

- The cost to acquire the '331 and '633 patents (derived from a patent-sale agreement between NXP and VLSI, and an amendment to that agreement, which VLSI has designated OUTSIDE COUNSEL EYES ONLY, attached as Exhibits A and B);
- Statements about the alleged value and/or significance of the '331 patent, including VLSI's damages claim (set forth in Attachments A-4 and F-5 of the expert report of Ryan Sullivan, attached as Exhibit C).[1]

<u>*Intel's Request for Relief from the Protective Order Should Be Granted*</u>

The Third Circuit has adopted a balancing test in determining whether protective orders should be modified. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87, 790 (3d Cir. 1994). Factors relevant to this analysis include "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Arnold v. Pa., Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007). Where the issue is whether a protective order should be modified, an additional factor that the court should consider is reliance by the original parties on the protective order. *Pansy*, 23 F.3d at 790. However, reliance on the order "should not be outcome determinative." *Id.* "The party seeking to modify the order of confidentiality must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order." *Id.* Applying this framework, Intel's limited request should be granted.

***First***, there is a reason to modify the order. The limited information sought is relevant to Intel's allegations that aggregation of patents by VLSI and other of the Antitrust Litigation defendants in patent markets has reduced competition and resulted in supracompetitive royalties. In particular, information about purchase price and damages claims and the differential between them are relevant to showing that following VLSI's acquisition of the '331 and '633 patents, it has sought supracompetitive royalties (including in this litigation), which Intel alleges are a result of the anticompetitive conduct at issue in the Antitrust Litigation. VLSI's expert's own statements about the alleged value and/or significance of the '331 patent are relevant to showing whether

---

[1] The motion with respect to VLSI's damages claim should be granted for the independent reason that the amount of damages claimed by a party during litigation is not confidential business information that qualifies for confidential treatment by the court. Damages figures that a party's counsel or its expert argues are owed during litigation are not the type of non-public information that are considered confidential under the protective order in this case. D.I. 96 ¶ 3. Moreover, Delaware courts have made clear that expert and attorney argument regarding contentions are *not* confidential. *See Wyeth LLC v. Alembic Pharm., Ltd.*, No. 16-1305 (RGA), Hearing Tr., at 6:22-7:9 (D. Del. Dec. 14, 2018) (Ex. D) (ordering de-designation of invalidity contentions, noting that Protective Order is to protect "the company's confidential information" and not "what their law firm does in litigation"); *see also, e.g.*, *ELM 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430 (LPS), D.I. 86 (D. Del. Feb. 11, 2016) (Ex. E) (ordering de-designation of infringement contentions).

VLSI considers its patents to be the "'crown jewels' of the field or just a small portion of a large field of substitutes." Accordingly, Intel has presented a reason to modify the protective order that outweighs any reliance VLSI placed on that order. *See Pansy*, 23 F.3d at 790.[2]

**Second**, the balancing test confirms the protective order should be modified. The second factor (legitimate purpose) weighs in Intel's favor because the information is being sought for a legitimate purpose: to provide relevant information for a second amended complaint in the Antitrust Litigation. Likewise, the fifth factor (fairness and efficiency) weighs in Intel's favor because allowing Intel to file information under seal in the Antitrust Litigation that the court in that case has suggested Intel "could have … asked" for would promote fairness and efficiency.

The first factor (privacy interest) is neutral because VLSI's confidentiality interests in the documents will be maintained by restricting access to outside counsel in the Antitrust Litigation subject to the terms of the Protective Order in this litigation and filing the confidential portions of Apple and Intel's second amended complaint under seal. Accordingly, VLSI's privacy interest will be protected. Under Ninth Circuit law, purchase price and settlement amounts are considered trade secret information. *See, e.g.*, *Elec. Arts, Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc*., No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license agreement). In the Antitrust Litigation, the court has previously granted sealing requests relating to information about Intel's license and/or patent purchase agreements with third parties and information about negotiations between either Intel or Apple and one or more defendants or non-parties contained in the original and amended complaints. *See, e.g.*, 3:19-cv-07651-EMC, D.I. 54 at 1; *id.*, D.I. 193 at 1; *id.*, D.I. 215 at 1. That court has also previously sealed information about damages demands that a defendant in the Antitrust Litigation regards as confidential. *See id.*, D.I. 193 at 1. Moreover, the January 6, 2021 ruling in the Antitrust Litigation specifically notes the procedure of seeking relief from the protective order in other litigations "so that they [Apple and Intel] could make a filing under seal in this case," i.e., the Antitrust Litigation. *Id*., D.I. 230 at 26 n.9. The remaining factors are neutral or do not apply.[3]

The Court should grant relief from the Protective Order to allow Intel to include (under seal) the information described above in the second amended complaint in the Antitrust Litigation.

---

[2] Based on the parties' correspondence, Intel expects that VLSI will argue that Intel has violated the protective order by making this request. Counsel for Intel has not violated the protective order. Intel's counsel has identified the specific documents and excerpts at issue at VLSI's express request, and has not used the information for any purpose other than asking this Court for permission to use it in the Antitrust Litigation.

[3] The fourth, sixth, and seventh factors do not apply because VLSI is not a public entity, and Intel is not seeking to disclose the information publicly. The third factor is neutral because to the extent there is anything embarrassing in those materials, that information will be sealed.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

cc:      Counsel of Record (*via CM/ECF and email*)