# EXHIBIT A

**OUTSIDE COUNSEL EYES ONLY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC,            )<br>                                                     )<br>            Plaintiff,             )<br>                                                     )<br>       v.                                         )     C.A. No. 18-966 (CFC) (CJB)<br>                                                     )<br>INTEL CORPORATION,                )<br>                                                     )<br>            Defendant.             ) | |

**INTEL CORPORATION'S OBJECTIONS AND RESPONSES TO VLSI TECHNOLOGY LLC'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") hereby responds and objects to Plaintiff VLSI Technology LLC's ("VLSI") First Set of Requests for Admission (Nos. 1-45), served on October 22, 2019.

**GENERAL OBJECTIONS**

Intel makes the following General Objections to VLSI's First Set of Requests for Admission, which apply whether or not they are separately incorporated in response to each Request, instruction, or definition set forth below.

1. Intel objects to the Definitions and Instructions to the extent that they are broader than, or impose conditions, obligations, or duties that exceed or differ from those required by the Federal Rules of Civil Procedure or the Local Rules. Intel's responses are limited to the scope of the discovery set forth therein.

2. Intel objects to each Request, Definition, and Instruction to the extent it seeks documents and information outside of Intel's possession, custody, and control.

**OUTSIDE COUNSEL EYES ONLY**

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Intel incorporates its General Objections to the extent applicable to this Request.

Subject to and without waiver of its General Objections, Intel responds as follows: Intel admits that Intel does not use the Asserted Patents and therefore has never paid, offered to pay, or otherwise asked permission to use the Asserted Patents and that there is no evidence that anyone, including Intel, ever has offered to pay VLSI for a license to any of the Asserted Patents.

**REQUEST FOR ADMISSION NO. 32:**

Admit that VLSI has never granted Intel permission to use the Asserted Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Intel incorporates its General Objections to the extent applicable to this Request.

Subject to and without waiver of its General Objections, Intel responds as follows: Intel admits that Intel does not use the Asserted Patents and therefore has not asked for permission to use the Asserted Patents and that VLSI therefore has not granted such permission.  Intel otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Intel does not have any license to the Asserted Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Intel incorporates its General Objections to the extent applicable to this Request.

Intel further specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine.  Intel further specifically objects to this Request as vague, ambiguous, and compound, including by way of example and without limitation, insofar as it refers to "any" "license" to the Asserted Patents.

Intel further specifically objects to this Request to the extent it seeks premature disclosure of expert testimony prior to the requirements set forth in the case schedule.

**OUTSIDE COUNSEL EYES ONLY**

Subject to and without waiver of these Specific Objections and its General Objections, Intel responds as follows: Intel admits that it is not pursuing an affirmative license defense in the present litigation. Intel otherwise cannot admit or deny this Request in view of its Specific Objections above.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Intel never made any effort to change any aspect of the Accused Products in an attempt to avoid VLSI's allegations of infringement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Intel incorporates its General Objections to the extent applicable to this Request.

Intel objects to this Request because the terms "made any effort" and "change any aspect" are vague and ambiguous. Intel further objects to this Request because it is compound, including because it refers to "any effort," any "change," "any aspect" and any "Accused Products."

Intel objects to this Request as overly broad and unduly burdensome, and as seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case and will not respond to this Request with respect to any product other than those identified in VLSI's January 23, 2019 Paragraph 4(c) disclosures, subject to the Court's October 25, 2019 Order (D.I. 363), and the products for which Intel has expressly agreed to produce discovery.

Intel objects to this Request to the extent it calls for information that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity against disclosure.

**OUTSIDE COUNSEL EYES ONLY**

                                                                                                      Morris, Nichols, Arsht & Tunnell LLP

OF COUNSEL:                                          */s/ Jeremy A. Tigan*

William F. Lee                              Jack B. Blumenfeld (#1014)
Dominic E. Massa                         Jeremy A. Tigan (#5239)
Joseph J. Mueller                          1201 North Market Street
Jordan L. Hirsch                            P.O. Box 1347
Kevin Goldman                              Wilmington, DE 19899
Wilmer Cutler Pickering           (302) 658-9200
 Hale and Dorr LLP                 jblumenfeld@mnat.com
60 State Street                                jtigan@mnat.com
Boston, MA 02109
(617) 526-6000                              *Attorneys for Defendant*

Gregory H. Lantier
Amanda L. Major
Joshua L. Stern
Richard A. Crudo
Wilmer Cutler Pickering
 Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

S. Calvin Walden
Wilmer Cutler Pickering
 Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6359

December 3, 2019

OUTSIDE COUNSEL EYES ONLY

### CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Morgan Chu, Esquire<br>Ben Hattenbach, Esquire<br>Iian D. Jablon, Esquire<br>Christopher Abernethy, Esquire<br>Amy E. Proctor, Esquire<br>Dominik Slusarczyk, Esquire<br>S. Adina Stohl, Esquire<br>Leah Johannesson, Esquire<br>Charlotte J. Wen, Esquire<br>Brian M. Weissenberg, Esquire<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)