IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTEL CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. 18-966 (CFC) (CJB) <br><br> **REDACTED - PUBLIC VERSION** <br> **Original Filing Date: August 23, 2022** <br> **Redacted Filing Date: August 30, 2022** |

**INTEL CORPORATION'S OBJECTION TO VLSI TECHNOLOGY LLC'S RESPONSE TO THE COURT'S AUGUST 1, 2022 ORDER**

On July 18, 2022, VLSI submitted a declaration from Michael Stolarski pursuant to the Court's April 18, 2022 Standing Order Regarding Disclosure Statements. D.I. 972. The Court, however, found these disclosures to be "clearly inadequate to meet the requirements of the Rule 7.1 Disclosure Order" and stayed the case until VLSI complies with the standing order. D.I. 975 at 2. On August 15, 2022, VLSI filed another declaration from Mr. Stolarski in response to the Court's August 1 order. D.I. 976. Mr. Stolarski now claims that he cannot provide the information the Court seeks because he does not know the identity of the owners he identified by category in his first declaration, and others with that information at Fortress Investment Group LLC ("Fortress") would not disclose it to him because of unspecified confidentiality agreements. This excuse is inconsistent with VLSI's prior actions and does not comply with the Court's orders. The case should remain

1

stayed until VLSI complies.

First, it is clear that Mr. Stolarski, VLSI, and Fortress are cherry picking the information they disclose to this Court. In his August 15 declaration, Mr. Stolarski claims not to have any further information regarding the entities that are investors in either the majority or minority owners of VLSI's parent company; he claims not to be able even to confirm whether these investment funds are corporations as specifically requested by the Court. D.I. 976 at ¶ 2; D.I. 975 at 2. He explains that VLSI asked Fortress to provide it with the requested information, but "Fortress's representative stated that there are strict contractual confidentiality obligations owed to the hundreds of investors in the entities listed in my July 18, 2022 declaration, and therefore Fortress has not disclosed and cannot voluntarily disclose additional information related to the identity of those investors to VLSI." D.I. 976 at ¶ 4. But this assertion is inconsistent with prior disclosures from VLSI, Fortress, and other entities involved in this case.

Most notably, Mr. Stolarski acknowledges that during a trial in the Western District of Texas in a related litigation, a witness revealed that one of the ultimate investors in VLSI is "a retirement fund associated with Texas A&M University." *Id.* at ¶ 3. Mr. Stolarski appears to be referencing testimony from trial between the parties on February 22, 2021, during which a corporate witness from NXP Semiconductors ("NXP") revealed that other parties, including "teachers unions,"

2

"pension funds," and "Texas A&M [University]" had a vested stake in the litigation. *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-0057-ADA (W.D. Tex. Feb. 22, 2021), D.I. 565 at 300:1-12. This information must have been provided to the NXP witness from Fortress itself or the counsel that represents VLSI and Fortress, calling into doubt Mr. Stolarksi and Fortress's current assertion that identities of VLSI's investors are all subject to "strict contractual confidentiality obligations." D.I. 976 at ¶ 4. Further, Mr. Stolarski has now provided the additional information that the witness's reference to "Texas A&M" at trial was in fact a reference to a "retirement fund associated with" the university. Fortress should not be able to selectively reveal information that it deems favorable, while shielding all other information required by the Court.[1]

Second, Mr. Stolarski cannot distance himself and VLSI from the Fortress entities and employees that he says have the information necessary to comply with the Court's order. Fortress created VLSI in 2016, and two of the three members of

---

[1] There is a protective order for confidential information in place in this case. D.I. 96. Both parties have obtained, produced, and filed confidential information from third parties with appropriate confidentiality designations or under seal pursuant to this protective order. If the information sought by the Court is truly confidential, VLSI could request to maintain it under seal. Indeed, VLSI has demanded that Intel disclose its confidential source code, process recipes, license agreements with third parties, and other confidential documents throughout the course of this litigation. Intel has done so pursuant to this protective order. VLSI cannot demand that Intel produce its most sensitive documents, including documents with third-party confidential information, and then hide behind its deliberately complex corporate structure to shield its own purportedly confidential information.

3

VLSI's board are Fortress employees. D.I. 801 at ¶¶ 4, 7. ████████████████████████████████████████████████████████████████████████. D.I. 801 at ¶¶ 8-9. Marc Furstein, a Fortress executive, signed SEC filings on behalf of the general partners of various owners of VLSI Holdings. *See, e.g.*, Ex. A at 5 (SEC Form D for FCO MA LLS LP); Ex. B at 5 (SEC Form D for FCO MA Centre Street LP). Moreover, VLSI's privilege logs produced in this case show that VLSI and Fortress employees have regular contact and communication regarding this and other litigation proceedings. Ex. C (VLSI's 8th Amended Privilege Log). VLSI claimed privilege over hundreds of communications with Fortress employees, ████████████████████████████████████████████, as well as communications and documents ████████████████████████████████████████████████ *Id.* VLSI's log further indicates that there are additional allegedly privileged communications with Fortress in-house counsel ████████ that VLSI did not log. *Id.* at 2; Ex. D [Stolarski Dep.] at 31:3-19, 32:19-21, 36:18-20.

Third, Mr. Stolarski asserts that "contractual confidentiality obligations" prevent Fortress from disclosing the investors that ultimately own VLSI but does not explain what those obligations are. D.I. 976 at ¶ 4. For example, VLSI does not state if the obligations exist for each and every investor; are the same for each investor; or if disclosure is permitted under certain circumstances, such as in

response to a subpoena or court order. Mr. Stolarski does not even say who at Fortress provided the information regarding confidentiality. VLSI should have tried harder and investigated Fortress's assertion further before claiming that it "cannot provide the Court with further information."

Fourth, it appears that VLSI is relying solely on the personal knowledge of Mr. Stolarski, or lack thereof, to avoid disclosing additional information. But VLSI, not Mr. Stolarski personally, brought this suit. VLSI was formed by Fortress, maintains a close relationship with Fortress, and is represented by the same attorneys who have also represented Fortress as a third party in this suit. Despite this, VLSI appears to have chosen only to disclose to the Court, to Intel, and to the public the information that was selectively provided to its CEO. This is an improper attempt to absolve itself of its responsibilities as a plaintiff in this Court.

VLSI chose to initiate this suit and seeks more than four billion in damages for the benefit of its investors and Fortress. VLSI and those investors should not be permitted to hide behind a complex corporate structure to avoid the Court's order. Intel therefore requests that the case remain stayed until VLSI complies with the Court's orders and discloses "the name of every owner, member, and partner of the party, proceeding up the chain of ownership until the name of every individual and corporation with a direct or indirect interest in the party has been identified." D.I. 975 at 1-2.

5

| | |
|---|---|
| OF COUNSEL:<br><br>William F. Lee<br>Dominic E. Massa<br>Joseph J. Mueller<br>Jordan L. Hirsch<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br><br>Gregory H. Lantier<br>Amanda L. Major<br>Joshua L. Stern<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>(202) 663-6000<br><br>S. Calvin Walden<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 295-6359<br><br>August 23, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Defendant* |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Morgan Chu, Esquire<br>Ben Hattenbach, Esquire<br>Iian D. Jablon, Esquire<br>Christopher Abernethy, Esquire<br>Amy E. Proctor, Esquire<br>Dominik Slusarczyk, Esquire<br>Charlotte J. Wen, Esquire<br>Ian Washburn, Esquire<br>Michael D. Harbour, Esquire<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Ben J. Yorks, Esquire<br>A. Matthew Ashley, Esquire<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA  92660-6324<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Steven Lieberman, Esquire<br>Daniel R. McCallum, Esquire<br>Rachel M. Echols, Esquire<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>607 14th Street, N.W. Suite 800<br>Washington, DC 20005<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

_____

Jeremy A. Tigan (#5239)