# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRTICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Civil Action No. 18-966-CFC-CJB<br><br>**FILED UNDER SEAL** |

## VLSI TECHNOLOGY LLC'S RESPONSE TO INTEL CORPORATION'S OBJECTION TO VLSI'S RESPONSE TO THE <u>COURT'S AUGUST 1, 2022 ORDER</u>

Defendant Intel contends in its Objections (D.I. 978) that the August 15, 2022 Declaration of VLSI's CEO Michael Stolarski in Response to Court's August 1, 2022 Order (the "Declaration") is "inconsistent with VLSI's prior actions."  Intel is wrong.  As a preliminary matter, Intel's counsel has taken Mr. Stolarski's deposition multiple times, and his deposition testimony on this subject is entirely consistent with his Declaration – he does not know the identity of the investors in the entities that are members of VLSI's parent company, CF VLSI Holdings, LLC ("VLSI Holdings").  *E.g.,* Declaration of Brian Farnan ("Farnan Declaration") at Ex. A  (Stolarski July 9, 2020 Deposition at 194:5-16, 194:24-195:18) & Ex. B (Stolarski October 17, 2019 Deposition at 133:14-134:16).

Unable to identify any inconsistency in Mr. Stolarski's testimony, Intel instead points to testimony by a non-party witness at a Texas trial between VLSI

and Intel in 2021.  The witness testified, in response to questions posed by Intel's counsel, that retirement funds associated with Texas A&M are among the investors in VLSI Holdings.  Intel contends that in light of this testimony naming Texas A&M as an investor, VLSI "should not be able to selectively reveal information that it deems favorable, while shielding all other information." D.I. 978 at 3.

Intel's argument is based upon the false premise that Texas A&M's investment was confidential information that VLSI or Fortress improperly disclosed to the witness.  It was not.  To the contrary, the University of Texas/Texas A&M Investment Management Company ("UTIMCO") has repeatedly chosen to make public its investments in FCOF IV UST LLC ("FCO IV") and FCO MA LSS LP, including long before the 2021 testimony that Intel cites to.[1]  The fact that UTIMCO chose to publicize its investments in entities that are members of VLSI Holdings, and that Intel chose to elicit that public fact at a prior trial, does not show that "it is clear that Mr. Stolarski, VLSI, and Fortress are cherry picking the information they disclose to this Court." D.I. 978 at 2.  VLSI reiterates that it does

---

[1] *See, e.g.,* https://www.utimco.org/media/1445/puf2012auditedfinancials.pdf at pg. 81 and https://www.utimco.org/media/3427/2020-puf-detail-schedule-of-investments-pw.pdf at pg. 74 (both last visited August 29, 2022).  True and correct excerpts of these publicly available UTIMCO documents, highlighted for the Court's convenience, are attached hereto as Exhibits E & F to the Farnan Declaration.

not have any information beyond what was already disclosed in Mr. Stolarski's declarations relating to the investors in VLSI Holdings.

Intel's other arguments are similarly unfounded. For example, Intel contends that because two of VLSI's Board Members also have positions with Fortress, all knowledge of anybody who works for Fortress should be imputed to VLSI, regardless of confidentiality obligations to the contrary. Not surprisingly, Intel cites no authority for this erroneous proposition.

Intel also argues that VLSI should not be allowed to accept at face value Fortress's representation that Fortress has confidentiality agreements with the investors that prohibit Fortress from divulging their identities, and that VLSI should have "tried harder" to obtain information from Fortress. Intel's unsupported argument is particularly ironic given that during the four years this case has been litigated, Intel has taken exhaustive discovery from Fortress but never obtained the information that Intel now contends VLSI should have "tried harder" to get from Fortress.[2]

---

[2] In this action alone, Intel has taken the depositions of six current and former Fortress employees, and has also served broad document subpoenas on Fortress in each of 2018, 2019, and 2021. In response to Intel's subpoenas, Fortress produced almost 15,000 pages of documents. And in addition to the extensive discovery that Intel conducted in this action, Intel also took more Fortress depositions and served additional document subpoenas on Fortress in other actions pending between VLSI and Intel.

For example, late last year, Intel took the deposition of Fortress's Rule 30(b)(6) witness concerning, among many other topics, ownership of VLSI Holdings. ████████████████████████████████████████ ████████████████████████████████████ Farnan Declaration, Ex. C (James November 18, 2021 Deposition at 118:23-119:2) & Ex. D.  Notably, at Fortress's Rule 30(b)(6) deposition, Intel did not request any information concerning the identities of the investors, nor any information concerning contractual confidentiality obligations to same.  Likewise, Intel never sought to compel Fortress to produce any additional information concerning individual investors before the discovery cutoff (or ever), presumably because Intel agreed that such information has no relevance to this case.  Intel cannot now be heard to complain that VLSI has not done enough to obtain information that is not in VLSI's possession, and that Intel itself opted not to ask for when it took Fortress's deposition multiple times.

In short, Intel's Objections – which are largely based upon the demonstrably false premise that UTIMCO's investment in Fortress was confidential information that VLSI selectively leaked to a non-party witness – lack merit.  VLSI has complied with the Court's August 1, 2022 Order to the best of VLSI's ability, and is not withholding any responsive information from the Court, and the stay in this matter should now be lifted.

Dated: August 30, 2022    Respectfully submitted,

FARNAN LLP

<u>/s/ Brian E. Farnan</u>
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Morgan Chu  (admitted *pro hac vice*)
Ben Hattenbach  (admitted *pro hac vice*)
Iian D. Jablon (admitted *pro hac vice*)
Christopher Abernethy (admitted *pro hac vice*)
Amy E. Proctor  (admitted *pro hac vice*)
Dominik Slusarczyk  (admitted *pro hac vice*)
Charlotte J. Wen  (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
cabernethy@irell.com
aproctor@irell.com
dslusarczyk@irell.com
astohl@irell.com
cwen@irell.com
bweissenberg@irell.com

*Attorneys for VLSI Technology LLC*