## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-966-CFC-CJB |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VLSI TECHNOLOGY LLC'S RESPONSE TO THE COURT'S
## OCTOBER 17, 2022 MEMORANDUM ORDER

Dated: December 2, 2022

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone : (302) 777-0300
Fax : (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Morgan Chu (admitted *pro hac vice*)
Benjamin Hattenbach (admitted *pro hac vice*)
Iian D. Jablon (admitted *pro hac vice*)
Ian Washburn (admitted *pro hac vice)*
Christopher Abernethy (admitted *pro hac vice*)
Amy E. Proctor (admitted *pro hac vice*)
Dominik Slusarczyk (admitted *pro hac vice*)
Charlotte J. Wen (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
mchu@irell.com
bhattenbach@irell.com

ijablon@irell.com
iwashburn@irell.com
cabernethy@irell.com
aproctor@irell.com
dslusarczyk@irell.com
cwen@irell.com

*Attorneys for Plaintiff VLSI Technology LLC*

<u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      **INTRODUCTION**……………………….....……………………………1

II.     **DISCUSSION**…………………....……………………………………2

      **Question 1:  Did the Court have the authority to issue its April 18, 2022 Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1?**................................................................2

      **Answer to Question 1:**  No.  The Court's April 18 Standing Order covers subject matter not appropriate for a standing order.  Accordingly, the April 18 Standing Order should at minimum have gone through the more rigorous vetting process to be made a Local Rule.  Since it did not, it is therefore void…………..2

      **Question 2:  Without knowing the identity of the true owners of VLSI, how can the Court assure itself that it does not have a conflict of interest that precludes it from presiding over the case?**................................7

      **Answer to Question 2:**  The Court does know the identity of the true owners of VLSI sufficient to conclude that there is no conflict of interest or appearance of impropriety requiring disqualification………………….....………7

      **Question 3:  Without knowing the identity of the true owners of VLSI, how can the Court assure itself that its presiding over the case will not create an appearance of impropriety?**......................................................................10

      **Answer to Question 3:**  VLSI incorporates its response to Question 2 above.  The Court does know the identity of the true owners of VLSI sufficient to conclude that there is no conflict of interest or appearance of impropriety requiring disqualification……………....……………………………………….10

      **Question 4:  Should the Court dismiss the case because of VLSI's failure to provide the information required by the Court's April 18, 2022 Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1?**......................................................................................12

      **Answer to Question 4:**  No.  As explained above in VLSI's response to Question 1, the Court lacks authority to enter the April 18 Standing Order.

Moreover, and in any event, as explained in VLSI's responses to Questions 2 and 3, VLSI complied with the Order to the best of VLSI's ability, and sufficient to allow the Court to confirm that no ethical conflict exists………………………12

**III.   CONCLUSION**……………………………………...…………………19

## TABLE OF AUTHORITIES

**Cases**                                                                                   Page(s)

*Alexander v. Primerica Holdings*,
    10 F.3d 155 (3d Cir.1993)……………………………………...…………..11

*Arunachalam v. Int'l Bus. Machines Corp.*,
    No. CV 16-281, 2016 WL 5403592 (D. Del. Sept. 26, 2016), aff'd, 759 F.
    App'x 927 (Fed. Cir. 2019)………………………...………………………..9

*Blanche Rd. Corp. v. Bensalem Twp.*,
    57 F.3d 253 (3d Cir. 1995)……………………………………….…10, 11

*Cent. Tel. Co. of Va. v. Sprint Comm. Co. of Va.*,
    715 F.3d 501 (4th Cir. 2013)…………………………………………...…8

*Ciaverelli v. Stryker Med*,
    29 F. App'x 832 (3d Cir. 2002)……………………………………………14

*Commercial Cleaning Servs. LLC v. Colin Serv. Sys., Inc.*
    271 F.3d 374 (2d Cir. 2001)……………….……………………………..16

*Cowley v. Pulsifer*,
    137 Mass. 392 (1884)……………….……………………………………..18

*Doe v. Megless*,
    654 F.3d 404 (3d Cir. 2011)………………………………...……17, 18

*Gerling Int'l. Ins. Co. v. Comm'r Internal Revenue*
    839 F.2d 131 (3d Cir. 1988) ……………………………….……………16

*Hammond Packing Co. v. Arkansas*,
    212 U.S. 322 (1909)…………………………………...……….…………17

*Hildebrand v. Allegheny Cty.*,
    923 F.3d 128 (3d Cir. 2019)……………………………...…………15

*Hovey v. Elliott,*
    167 U.S. 409 (1897)…………………………………………………..17

*In re Fidelity/Micron Sec. Litig.,*
    167 F.3d 735 (1st Cir. 1999)……………………………..……………6

*In re United States,*
    666 F.2d 690 (1st Cir. 1981)……………………….………..…11, 12

*J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,*
    542 F.2d 1318 (7th Cir. 1976)……………………………………3, 5

*Knoll v. City of Allentown,*
    707 F.3d 406 (3d Cir. 2013)…………………..………………………14

*MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.,*
    205 F. Supp. 2d. 158 (S.D.N.Y. 2002)……………...……………………9

*O'Connor v. Wells Fargo Bank, N.A.,*
    No. 1:12-CV-2525, 2013 WL 1281925 (N.D. Ga. Mar. 27, 2013)………....9

*Razvi v. Dallas Fort Worth Int'l Airport,*
    No. 21-10016, 2022 WL 4298141 (5th Cir. Sept. 16, 2022)………..…13, 14

*Poulis v. State Farm Fire & Casualty Co.,*
    747 F.2d 863 (3d Cir. 1984)……………………………………14, 15

*Scheibler v. Highmark Blue Shield,*
    243 F. App'x 691 (3d Cir. 2007)…………………...………………13

*Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,*
    357 U.S. 197 (1958)……………………..……………………17

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.,*
    No. 03-241, 2005 U.S. Dist. LEXIS 52921 (D. Del. Nov. 17, 2005), adopted, 2006 WL 8452781, 2006 U.S. Dist. LEXIS 105180 (D. Del., May 2, 2006)………………………………………………………16

*St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*,
    217 F.R.D. 288 (D. Mass. 2003)………...……………………..………..5

*United States v. Dalfonso*,
    707 F.2d 757 (3d Cir.1983)………………...……………..……….10, 11

*United States v. Zingsheim*,
    384 F.3d 867 (7th Cir. 2004)……………………….……………….5

**Statutes**

28 U.S.C. §455…………………………………………………………8, 9, 10

28 U.S.C. §2072…………………………………………………………….2

28 U.S.C. §2075………………………………………………………. 2

35 U.S.C. § 100…………………………………………………………..18

35 U.S.C. § 281…………………………………………………………..18

**Rules**

Fed. R. Civ. P. 7.1 …………………………………...……..……….......passim

Fed. R. Civ. P. 17(a)…………………………………………...……………18

Fed. R. Civ. P. 41(b)…………………………………..……………….…passim

Fed. R. Civ. P. 83(b)…………………………………….……………2, 3, 5, 7

N.D. Cal. L.R. 3-15…………………………………………….…………..6

D. Nev. L.R. 7.1-1………………………………………………………….6

## I.    INTRODUCTION

Plaintiff VLSI Technology LLC ("VLSI") filed its original complaint for patent infringement against Defendant Intel Corporation in this action on June 28, 2018.  Extensive fact and expert discovery has since been completed and both sides have filed cross-motions for summary judgment, which motions were fully briefed as of March 8, 2022.  On April 18, 2022, this Court entered a new standing order ("April 18 Standing Order") requiring certain types of litigants to file additional disclosure statements.  On July 18 and August 15, 2022, in response to orders entered by the Court, VLSI filed supplemental disclosures in which it provided all information in VLSI's possession responsive to the April 18 Standing Order, including identifying the ten entities that own interests in VLSI's parent company, CF VLSI Holdings LLC ("VLSI Holdings").

On October 17, 2022, the Court entered a memorandum order ("October 17 Memorandum Order") directing the parties to respond by December 2, 2022 to four questions posed by the Court.  The content of the October 17 Memorandum Order implies that the Court is contemplating dismissing VLSI's complaint, apparently pursuant to Fed. R. Civ. P. 41(b).  As discussed below, any such dismissal would be unwarranted and would constitute reversible error.  Further, dismissal would require VLSI to appeal, unless the dismissal is expressly made without prejudice.

## II.    DISCUSSION

**Question 1:  Did the Court have the authority to issue its April 18, 2022 Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1?**

**Answer to Question 1:**  No.  The Court's April 18 Standing Order covers subject matter not appropriate for a standing order.  Accordingly, the April 18 Standing Order should at minimum have gone through the more rigorous vetting process to be made a local rule.  Since it did not, it is therefore void.

Fed. R. Civ. P. 83(b), titled "Procedures when there is no controlling law," applies to standing orders.  As the title of the subdivision states, standing orders are only to be issued when no other law controls.  If there is no controlling law, "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§2072 and 2075, and the district's local rules."

Here, Fed. R. Civ. P. 7.1 is directly applicable.  Rule 7.1 requires "[a] nongovernmental corporate party" to file 2 copies of a disclosure statement that: (1) "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock"; or (2) "states that there is no such corporation."  In addition, in *diversity cases only,* newly amended Rule 7.1, effective December 1, 2022, also requires additional disclosures by certain parties in order to determine whether true

diversity exists.  However, this is a patent infringement case, so the diversity-related disclosures called for by the new Rule 7.1 are, by definition, not applicable here.

Because Rule 7.1 already governs the necessary disclosures in this case, the Court's April 18 Standing Order is invalid under Fed. R. Civ. P. 83(b).  *See, e.g.,* Declaration of Charlotte Wen, Ex. C (31 No. 15 Com. Lending Litig. News 19 at 4 ("Rule 83(b) authorizes individual judges to act only "when there is no controlling law" on an issue")).  This conclusion is further emphasized by the fact that the April 18 Standing Order does not relate to routine or ministerial housekeeping issues specific to this Court's docket, but rather is related to financial conflicts of interest applicable to all district court judges across the entire country – a subject that is already addressed in Rule 7.1 in a way the drafters found sufficient.  *E.g., J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1322 (7th Cir. 1976) ("Under Rule 83 of the Federal Rules, the district court's Local Rule 10 and its Standing Order must be consistent with the Federal Rules of Civil Procedure.").

In this regard, the Advisory Committee Notes for Rule 7.1 explain that:

Although the disclosures required by Rule 7.1(a) may seem limited, *they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect.  Framing a rule that calls for more detailed disclosure will be difficult.  Unnecessary disclosure requirements place a burden on the parties and on courts*.  Unnecessary disclosure of volumes of information may create a risk that a judge will overlook the one bit of information that might require disqualification,

and also may create a risk that unnecessary disqualifications will be made rather than attempt to unravel a potentially difficult question.  It has not been feasible to dictate more detailed disclosure requirements in Rule 7.1(a).

(emphasis added).

As noted above, newly amended Rule 7.1 requires additional disclosures in a different context, namely in diversity jurisdiction cases.  However, the rationale for requiring those additional disclosures is specific to diversity jurisdiction cases only. *E.g.,* Advisory Committee Notes for Rule 7.1, 2022 Amendment (noting that outside the diversity context, "[i]t does not matter whether a collection of individuals is recognized as an entity for any other purpose, such as the capacity to sue or be sued in a common name, or is treated as no more than a collection of individuals for all other purposes.").  This is a patent infringement case that could only be filed in federal court, not a diversity jurisdiction case.  The additional disclosures required by amended Rule 7.1 in diversity cases are simply irrelevant here.

Rule 7.1's Advisory Committee Notes state that "Rule 7.1 does not prohibit *local rules* that require disclosures in addition to those required by Rule 7.1." (emphasis added).  Here, however, this Court's April 18 Standing Order is not a local rule, but merely a standing order issued by an individual judge.  By contrast, local rules go through a rigorous vetting process that the April 18 Standing Order was not subjected to.  *See, e.g.,* Declaration of Charlotte Wen, Ex. D (Committee on Rules of Practice and Procedure of the Judicial Conference of the United States June 2009

4

at 753 (noting that "standing orders can raise even more serious problems than local rules" because unlike local rules, "standing orders are promulgated without the benefit of public comment . . .  [and] there is significant variation even within the same district or division.")).  Both the Advisory Committee notes and Fed. R. Civ. P. 83(b) make clear that an individual judge cannot unilaterally require additional disclosures beyond those set forth in Rule 7.1.

VLSI understands that in another pending case, this Court has analogized the April 18 Standing Order to local rules that have been adopted in *other* districts, such as for example Northern District of California Local Rule 3-15.  Respectfully, that analogy is not well taken for multiple reasons.  First, as discussed above, the April 18 Standing Order exceeds the scope of a permissible standing order of an individual district judge and has not gone through the rigorous vetting process to become a local rule for the District of Delaware.[1]  It is therefore invalid even assuming it were similar to local rules in other districts.  Second, the April 18 Standing Order is not

---

[1] Even assuming hypothetically that the District of Delaware were to adopt the Court's April 18 Standard Order as a local rule, numerous decisions have held that local rules that seek to impose requirements beyond those contained in the Federal Rules are void.  *See, e.g.*, *J. F. Edwards Const. Co.*, 542 F.2d at 1322 (finding rule requiring pre-trial stipulation to facts inconsistent with requirements of Rule 16); *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004) (application of standing order found to be improper because it was used to defer downward departure decisions when deferral was not authorized by Rule 35); *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) (finding local rule limiting number of interrogatories and depositions inconsistent with Rule 26).

in fact similar to local rules such as N.D. Cal. L.R. 3-15 and D. Nev. L.R. 7.1-1, as those local rules expressly limit any additional disclosures required by entity parties to information actually "*known by*" the parties – a standard VLSI has already met here.  Third, unlike the April 18 Standing Order, those local rules in other jurisdictions apply *equally* to corporations such as Intel as well as to LLCs such as VLSI, instead of impermissibly discriminating between different forms of entities. *E.g.,* N.D. Cal. L.R. 3-15; D. Nev. L.R. 7.1-1.

A related material flaw of the April 18 Standing Order is that it has no flexibility to account for parties in federal question cases such as VLSI, who do not know, and have no way to know, the identities of all of the persons and entities that may have an indirect investment in them.  *See, e.g., In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999) (concluding that district court's standing order on allocation of costs "raises a core concern: it does not leave sufficient room for individualized consideration of expense requests").

Furthermore, as explained in the declaration of VLSI's expert Professor Lawrence Hamermesh submitted herewith ("Hamermesh Declaration"), the additional information requested by the Court is not reasonably tailored to accomplish the purposes identified by the Court, and the April 18 Standing Order improperly discriminates without any rational basis between different forms of legal entities in its disclosure requirements.  Hamermesh Decl. ¶¶ 10-14.

In short, the April 18 Standing Order runs afoul of Fed. R. Civ. P. 83(b) and improperly exceeds the appropriate scope of a standing order issued by an individual district court judge.  It is therefore void.

**Question 2:  Without knowing the identity of the true owners of VLSI, how can the Court assure itself that it does not have a conflict of interest that precludes it from presiding over the case?**

**Answer to Question 2:**  The Court does know the identity of the true owners of VLSI sufficient to conclude that there is no conflict of interest or appearance of impropriety requiring disqualification.

VLSI has disclosed that it is owned by VLSI Holdings, which in turn is owned by ten entities, the majority owner of which is FCOF IV ("FCO IV").  D.I. 972, 2022-07-18 Stolarski Decl. at ¶¶ 3-4.  Those entities are ultimately owned by hundreds of outside investors, each of whom own less than 10% indirect interest in VLSI Holdings.  *Id.* at ¶ 5.  With one exception, which VLSI disclosed to the Court, VLSI does not know the identities of the investors in the ten entities that collectively own VLSI Holdings.  D.I. 976-1, 2022-08-15 Stolarski Decl. at ¶ 2.

Separately, this Court has made public disclosures regarding the Court's investment holdings.  Those public disclosures show that the Court has no direct ownership interest in either VLSI or VLSI Holdings, or for that matter in any investment fund managed by Fortress Investment Group LLC ("Fortress").

Declaration of Charlotte Wen, Ex. A (2020 Financial Disclosure Report of Chief Judge Colm F. Connolly) and Ex. B (2019 Financial Disclosure Report of Chief Judge Colm F. Connolly).

As explained in the declaration of VLSI's expert Professor Bruce Green ("Green Declaration") submitted herewith, it is clear from the face of the disclosures in this case that there is no conflict of interest or appearance of impropriety requiring disqualification.  Green Decl. at ¶¶ 14-19.

First, it is clear from comparing (1) the information disclosed by VLSI in this case, and (2) the Court's public disclosures concerning its investments, that the Court does not own a direct interest in either VLSI or its parent, VLSI Holdings.  *See* D.I. 972, 2022-07-18 Stolarski Decl. at ¶¶ 4-5; *see also* Wen Decl., Exh. A.  It is equally clear from the record that the Court does not need any more information from VLSI to determine whether the Court or a member of the Court's family has any direct ownership interest in VLSI or VLSI Holdings.  Green Decl. at ¶15.

Second, while it is theoretically possible that the Court owns a mutual fund-type investment (such as a Vanguard fund) that might have an indirect investment in VLSI (or, more likely, in Defendant Intel), the law is clear that such an investment would not constitute a conflict requiring disqualification.  *E.g., Cent. Tel. Co. of Va. v. Sprint Comm. Co. of Va*., 715 F.3d 501, 515–16 (4th Cir. 2013) (holding that a professionally managed IRA is within the 28 U.S.C. § 455(d)(4)(i) exception;

*Arunachalam v. Int'l Bus. Machines Corp.*, No. CV 16-281, 2016 WL 5403592, at
*1 (D. Del. Sept. 26, 2016), aff'd, 759 F. App'x 927, 933-34 (Fed. Cir. 2019)
(holding that the District of Delaware's 529 plan, Vanguard Wellington Admiral,
and Fidelity Freedom 2020, among other investment funds, were "common
investment fund[s]" within the meaning of 28 U.S.C. 455(d)); *O'Connor v. Wells
Fargo Bank, N.A.*, No. 1:12-CV-2525, 2013 WL 1281925, at *1 (N.D. Ga. Mar. 27,
2013) (holding that "TIAA–CREF Retirement Fund" was within the § 455(d)(4)(i)
exception).

Third, likewise it is also theoretically possible that the Court owns stock in a
public company such as, to use a hypothetical example, Citibank, which then in turn
has an investment in one of the entities that own VLSI Holdings (or, more likely, in
Defendant Intel). However, as with the common fund exception described above,
the law is clear that such ownership would not create a disqualifying conflict unless
the entity in which the Court invested (Citibank in this hypothetical example) was
the majority owner in and controlled a party to the litigation. *E.g., MDCM Holdings,
Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d. 158, 162(S.D.N.Y. 2002)
(explaining that in determining whether recusal is appropriate, "[t]he key question
is whether the company in which the judge owns stock has effective control over the
party to the litigation –that is, at least 50% of the voting stock or a majority of the
capital interest in the party."); Declaration of Charlotte Wen, Ex. E (Advisory

9

Committee on Codes of Conduct Opinion No. 57 at 74 (advising that "when a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse. . . .  When a parent company does not own all or a majority of stock in the subsidiary, the judge should determine whether the parent has control of the subsidiary.")).  But here, the record shows that could not be (and is not) the case – no investor owns even a 10% indirect interest in VLSI Holdings.  D.I. 972, 2022-07-18 Stolarski Decl. at ¶ 5.

In short, in this case the Court already has all information necessary to conclude, under the relevant statutes and precedents, that there is no conflict of interest and no appearance of impropriety requiring disqualification with respect to potential ownership of VLSI by the Court or the Court's family.  Green Decl. at ¶ 19.

**Question 3:  Without knowing the identity of the true owners of VLSI, how can the Court assure itself that its presiding over the case will not create an appearance of impropriety?**

**Answer to Question 3:**  VLSI incorporates its response to Question 2 above. The Court does know the identity of the true owners of VLSI sufficient to conclude that there is no conflict of interest or appearance of impropriety requiring disqualification.

Under 28 U.S.C. § 455(a), recusal is only required when a judge's impartiality "might reasonably be questioned."  A judge should recuse himself where "a

reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir.1983); *see also Blanche Rd. Corp. v. Bensalem Twp.,* 57 F.3d 253, 266 (3d Cir. 1995)*; Alexander v. Primerica Holdings*, 10 F.3d 155 (3d Cir. 1993).

Here, as discussed above, the Court knows that the Court and its relatives do not have a direct investment in either VLSI or VLSI's parent company.  However, the Court or its relatives could theoretically have an indirect interest in VLSI's parent company (or, more likely, in Defendant Intel), *e.g.*, through ownership of a mutual fund or a publicly traded stock.  As explained in response to Question 2 above, the law is clear that such a circumstance does not create a disqualifying conflict, or appearance of impropriety, even assuming that the Court or its relatives actually held such an interest (which here there is no reason to believe is the case, at least with respect to VLSI).

On this record, the mere *possibility* that a conflict might somehow exist would not cause a reasonable person to doubt the Court's impartiality over this issue.  *See Blanche Rd. Corp.*, 57 F.3d at 266.  Indeed, disqualifying a district judge based on the mere *possibility* of a theoretical conflict is not consistent with sound operation of the judiciary.  *See, e.g.*, *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981) ("[D]isqualification is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for

11

doubting the judge's impartiality.  Were less required, a judge could abdicate in difficult cases at the mere sound of controversy . . . .").

**Question 4:  Should the Court dismiss the case because of VLSI's failure to provide the information required by the Court's April 18, 2022 Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1?**

**Answer to Question 4:**  No.  As explained above in VLSI's response to Question 1, the Court lacks authority to enter the April 18 Standing Order. Moreover, and in any event, as explained in VLSI's responses to Questions 2 and 3, VLSI complied with the Order to the best of VLSI's ability, and sufficient to allow the Court to confirm that no ethical conflict exists.

Further, it would be unfair and unjust to VLSI to dismiss this case, filed more than four years ago and nearly ready for trial, based on VLSI's inability to further comply with a new and possibly unique standing order that was entered late in the case.  Obviously, if the April 18 Standing Order had been entered before VLSI filed this action, VLSI could have considered filing its complaint elsewhere such as, for example, in the Western District of Texas where Intel is located and where key witnesses reside.  If the Court elects to dismiss the case under these circumstances, any such dismissal must be without prejudice and not on the merits, as permitted by Fed. R. Civ. P. 41(b).

12

While VLSI respectfully disagrees that the Court has authority to enter it, VLSI has already complied with the April 18 Standing Order by providing all responsive information in VLSI's possession, going well beyond the disclosures required by newly amended Rule 7.1 in a federal question case. *E.g.,* D.I. 972, 2022-07-18 Stolarski Decl. at ¶¶ 3-5; D.I. 976-1, 2022-08-15 Stolarski Decl. at ¶¶ 2-5. At minimum, VLSI has provided all information necessary for the Court to determine that it has no disqualifying conflict. Green Decl. at ¶¶ 14-19.

Notably, multiple courts have found that ***a party's failure to make the disclosures required by Rule 7.1 itself does not warrant dismissal***. For example, in *Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 (3d Cir. 2007), the court noted that plaintiff "was in no way prejudiced by the Defendants' failure to file a Disclosure Statement under Federal Rule of Civil Procedure 7.1." *Id.* The court emphasized that "[s]uch statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case. There is no indication that the District Judge in this case had any financial stake in the Defendant corporations that would require recusal . . ." *Id.*

Likewise, in *Razvi v. Dallas Fort Worth Int'l Airport*, the district court dismissed plaintiff's case for failure to timely file a certificate of interested persons as required by Northern District of Texas Local Rules 3.11 and 81.22 and Federal Rule of Civil Procedure 7.1. No. 21-10016, 2022 WL 4298141, at *1 (5th Cir. Sept.

16, 2022).   On appeal, the Fifth Circuit found that the district court abused its discretion.  *Id.*  The court reasoned that because the "the rule is merely intended to provide financial information for the judge to determine whether recusal is required based on the judge's financial interest," failure to timely file did not prejudice defendants.  *Id.*

In the Third Circuit, whether an order of dismissal is a proper exercise of a district court's discretion is typically measured by a six-fold test:  "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."  *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The underlying concern *Poulis* sought to address is "that dismissal as a sanction before adjudication of the merits deprives a party of her day in court." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013).

Application of the *Poulis* factors here shows that dismissal of this case is clearly not warranted, and that if the Court chooses to dismiss the case, the dismissal must be without prejudice.  *See, e.g., Ciaverelli v. Stryker Med.*, 29 F. App'x 832, 834 (3d Cir. 2002) (reversing the district court's dismissal of the case because of

14

plaintiff's failure to comply with discovery order where the Third Circuit had "serious doubt that a clear balancing of the *Poulis* factors would have justified a dismissal"); *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 137 (3d Cir. 2019) ("Where it is apparent that a district court misstated the law, relied upon findings that were not supported by the record, or did not consider the motion in light of our strong policy in favor of deciding cases on the merits, we must conclude that it abused its discretion.  Here, the District Court committed all three errors.").

In applying the *Poulis* factors, here the record shows that VLSI has already complied with the April 18 Standing Order to the best of VLSI's ability; the Court already has all of the information it needs in order to conclude that there are no conflicts; Defendant Intel is in no way prejudiced by VLSI's lack of knowledge about its indirect investors; there is no history of delay by VLSI – to the contrary, the April 18 Standing Order was not entered until nearly four years after the case was filed; there is no willful or bad faith disobedience of any of the Court's orders by VLSI; and the merit of VLSI's claims is amply demonstrated by the parties' pending motions for summary judgment and VLSI's success in asserting similar patents against Intel in other litigations.  In short, even assuming for the sake of argument that the Court has full authority to enter its April 18 Standing Order, none of the *Poulis* factors supports dismissal here.

However, if the Court is nonetheless inclined to dismiss the action, the Court should expressly state that any such dismissal is not an adjudication on the merits (*i.e.,* without prejudice) as expressly contemplated by Fed. R. Civ. P. 41(b).  VLSI respectfully submits it would constitute a clear abuse of discretion and reversible error to dismiss this case with prejudice based on VLSI's lack of further knowledge concerning the identities of the investors in the entities that own interests in VLSI Holdings.  *See, e.g., Commercial Cleaning Servs. LLC v. Colin Serv. Sys., Inc.,* 271 F.3d 374, 386 (2d Cir. 2001) (reversing dismissal of case pursuant to violation of standing order; "to the extent the Standing Order called for presentation of information going beyond what a plaintiff needs to present to establish a legally sufficient case, plaintiff's inability to produce it could not justify the grant of judgment to defendant."); *Gerling Int'l. Ins. Co. v. Comm'r Internal Revenue*, 839 F.2d 131, 133 (3d Cir. 1988) (holding that party cannot be sanctioned for failing to provide information not within its possession, custody or control, such as information held by an affiliate); *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc*., No. 03-241, 2005 U.S. Dist. LEXIS 52921, at *21 (D. Del. Nov. 17, 2005), adopted, 2006 WL 8452781, 2006 U.S. Dist. LEXIS 105180 (D. Del., May 2, 2006) ("Under well-settled law, a party's inability to comply with a pretrial production order cannot result in the dismissal of a claim as sanction, where the party was unable to comply because it could not disclose confidential information.").

Dismissal with prejudice in these circumstances would also violate VLSI's due process and equal protection rights. For example, in *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 209 (1958), the Supreme Court noted that the district court's dismissal powers "must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in *Hovey v. Elliott*, 167 U.S. 409, and *Hammond Packing Co. v. Arkansas*, 212 U.S. 322. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Id.* As the Supreme Court found in that case, dismissal was not justified when the party's "failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner." *Id.* at 212.

VLSI also respectfully notes that the cases cited in the Court's October 17 Memorandum Order are inapposite. *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011) involved a plaintiff who moved unsuccessfully to proceed anonymously. *Id.* at 407. The plaintiff was ordered to file a new complaint in his own name or have the case dismissed. *Id.* The plaintiff refused to file the new complaint. *Id.* The district court dismissed under Rule 41(b) on the alternative bases of failure to prosecute and

violation of the court order to proceed under his own name by "willfully obstructing the proceedings, thereby prejudicing the defendants." *Id.* at 412.

Unlike the plaintiff in *Doe v. Megless*, VLSI – a duly organized Delaware LLC – filed the complaint in its own name and has at all times pursued the action in its own name, as expressly authorized by 35 U.S.C. § 281; 35 U.S.C. § 100 (defining "Patentee"); and Fed. R. Civ. P. 17(a)(1). *See also* Hamermesh Decl. at ¶ 9. Further, VLSI promptly identified for the Court all of the entities that own an interest in VLSI's parent company. As explained in the Hamermesh Declaration, there is no rational basis for the Court to insist that VLSI identify all of the outside investors in those entities (information that VLSI does not have in the first place), let alone for the Court to require that information from Plaintiff VLSI but not from Defendant Intel on the basis that Intel is a corporation, not an LLC. Hamermesh Decl. at ¶¶ 10-16. And as explained in the Green Declaration, the Court does not need any additional information in this case to determine that there is no conflict of interest or appearance of impropriety requiring disqualification. Green Decl. at ¶¶ 14-19.

*Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) is likewise inapposite. The Court in that case held that there is no privilege to publishing a petition with defamatory content out of court. VLSI is not asserting any privileges to prevent the trial in this case from "tak[ing] place under the public eye" – indeed, VLSI expects that it will be Intel (rather than VLSI) who requests that portions of the trial in this

action be sealed.  Furthermore, if the Court's point is that the public does not know the identities of the ultimate investors in the entities that collectively own VLSI's parent company, VLSI notes that the same is true with respect to the identity of Intel's individual shareholders – Intel has not filed any disclosure with this Court listing any, let alone all, of its shareholders, and Intel is presumably capable of providing such a list to the Court, whereas VLSI is not.

## III.   CONCLUSION

VLSI has done its best to respond to the Court's questions and orders.  To the extent the Court disagrees and is inclined to dismiss the case, VLSI respectfully submits that any dismissal here must be without prejudice and not on the merits under Fed. R. Civ. P. 41(b), as any dismissal with prejudice under these circumstances would require VLSI to appeal and would constitute a clear abuse of discretion and reversible error.

Dated: December 2, 2022          Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone : (302) 777-0300
Fax : (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Morgan Chu (admitted *pro hac vice*)
Benjamin Hattenbach (admitted *pro hac vice*)
Iian D. Jablon (admitted *pro hac vice*)
Ian Washburn (admitted *pro hac vice)*
Christopher Abernethy (admitted *pro hac vice*)
Amy E. Proctor (admitted *pro hac vice*)
Dominik Slusarczyk (admitted *pro hac vice*)
Charlotte J. Wen (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
iwashburn@irell.com
cabernethy@irell.com
aproctor@irell.com
dslusarczyk@irell.com
cwen@irell.com

*Attorneys for Plaintiff VLSI Technology LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Scheduling Order Regarding Briefing In All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point font.  According to the word processing system used to prepare it, the brief contains 4,798 words, excluding case caption, signature blocks, table of contents, and table of authorities.


Dated: December 2, 2022                    */s/ Brian E. Farnan*
                                                                  Brian E. Farnan (Bar No. 4089)