# EXHIBIT C

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Case 1:18-cv-00966-CFC-CJB   Document 995-3   Filed 12/02/22   Page 2 of 9 PageID #: 38393

31 No. 15 Com. Lending Litig. News 19

**Commercial Lending Litigation News**

**Volume 31, Issue 15**
December 18, 2018

**Litigation Strategies**

A CRITICAL VIEW OF THE MANDATORY INITIAL DISCOVERY PILOT PROJECT

By Michael P. Daly and Mark D. Taticchi [a1]

When the Federal Rules of Civil Procedure were enacted in 1938, one of the drafters' main goals was procedural consistency. At the same time, however, they adopted Rule 83 so local districts and individual judges could fill the gaps left by the Federal Rules and regulate the nuts-and-bolts aspects of practice in their respective courtrooms.

In 2017, two federal district courts -- the District of Arizona and the Northern District of Illinois -- adopted an order, which was approved by the Judicial Conference of the United States, known as the Standing Order Regarding Mandatory Initial Discovery Pilot Project.[1] The Pilot Project fundamentally reorders the early phases of litigation. For example, the Pilot Project forces defendants to answer complaints before courts have ruled on motions to dismiss.

Similarly, the Pilot Project ratchets up the parties' early-stage discovery obligations by mandating disclosure of both favorable and unfavorable information about each party's claims and defenses, even if the party has no intention of relying on that information.

In short, several of the Pilot Project's mandates contradict or, at a minimum, conflict with, existing provisions of the Federal Rules. Given that Rules 83(a) and (b) require both local rules and judges' individual practices to be consistent with the Federal Rules, this commentary posits that the Pilot Project is an ultra vires exercise of judicial authority that should be rescinded unless the Rules Committee, the Judicial Conference, the Supreme Court, and Congress all approve it pursuant to the standard process for amending the Federal Rules.

**The current rulemaking process**

The Federal Rules "govern the procedure in all civil actions and proceedings in the United States district courts."[2] The judiciary promulgates them pursuant to its statutory authority under the Rules Enabling Act.[3]

The Judicial Conference, whose task it is to oversee the rulemaking process, says the "pervasive and substantial impact of the rules on the practice of law in the federal courts demands exacting and meticulous care in drafting rule changes."[4] This "exacting and meticulous care" is exercised through a seven-step process that generally takes several years.[5]

That process begins with the Judicial Conference's Advisory Committee, which drafts language, obtains the approval of the Standing Committee and then publishes amendments for public comment. The Advisory Committee then considers comments and revises amendments as appropriate. From this point, an amendment may go through iterative republication and comment periods, or it may be recommended to the Standing Committee for approval.

Case 1:18-cv-00966-CFC-CJB   Document 995-3   Filed 12/02/22   Page 3 of 9 PageID #: 38394

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Ultimately, the amendment must be approved by the Standing Committee, the Judicial Conference, and then the Supreme Court. Upon approval by the Supreme Court, Congress has seven months to reject or modify an amendment. If it does not act within this time, the amendment takes effect.

While the Federal Rules govern procedure in federal courts, Rule 83 provides two ways for individual districts and judges to fill gaps in the Rules. First, pursuant to Rule 83(a), a district can adopt a local rule for that district if:

- The district gives public notice and an opportunity to comment.
- The majority of the district's judges approve the rule.
- The rule is consistent with the Federal Rules.

Second, pursuant to Rule 83(b), judges can issue standing orders for their own courtrooms, but only if they are consistent with the Federal Rules as well as any applicable local rules.

Rules 83(a) and 83(b) thus create a mechanism for addressing local needs and norms without undermining national uniformity. It follows, then, that any "rule" -- whether classified as a local rule, a judge's individual practices, or anything else -- is *void ab initio* if it is not "consistent with" the Federal Rules.

### Does the Pilot Project fit?

The question here, of course, is whether the Pilot Project is such a "rule."

The 3-year Pilot Project was implemented on May 1, 2017, in the District of Arizona and on June 1, 2017, in the Northern District of Illinois. Its stated purpose is "to test the use of robust mandatory initial discovery as a means of reducing cost and delay." [6] To that end, it requires that civil litigants -- with only a few limited exceptions -- engage in extensive initial discovery that exceeds the initial disclosure requirements of Rule 26(a)(1).

Specifically, the Pilot Project requires that a responsive pleading be filed even when a motion to dismiss under Rule 12(b) has been filed. [7] Within 30 days of the filing date of that responsive pleading, the parties must produce:

- Information about people likely to have discoverable information relevant to any party's claims or defenses.
- Information about people who may have given written or recorded statements relevant to any party's claims or defenses.
- A list of documents, electronically stored information, tangible things, land, or other property that may be relevant to any party's claims or defenses.
- All relevant facts and legal theories for each claim or defense asserted.
- A computation of each category of damages claimed, with a description of the evidence on which the computation is based.
- A description of any insurance that may satisfy all or part of a judgment. [8]

Finally, within 40 days after serving its initial discovery responses, each party must produce all electronically stored information identified during initial discovery. [9]

This mandatory initial discovery is framed as court-ordered discovery and must be completed -- without a request from either party, before any conference of the parties, and irrespective of any agreement between the parties -- before starting additional discovery under the Federal Rules.

### Noncompliance with Rule 83

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Case 1:18-cv-00966-CFC-CJB    Document 995-3    Filed 12/02/22    Page 4 of 9 PageID #: 38395

The Pilot Project currently governs civil procedure only in two districts. For it to be a lawfully enacted set of procedures, however, it must be a Federal Rule, a local rule, or a standing order for a specific judge's court. Anything else is not authorized by the Rules Enabling Act and is, therefore, *ultra vires* and void.

A close examination reveals it is none of the above. Moreover, even if the Pilot Project had been formally promulgated as a local rule or a judge-specific standing order, it would nevertheless be invalid under Rule 83 because its procedures contravene several aspects of the Federal Rules.

*The Pilot Project is not a Federal Rule.* Unlike the seven-step, multi-year process employed for amendments, a significantly streamlined process was used to produce the Pilot Project. On April 14, 2016, the chairperson of a subcommittee presented the concept to the Civil Rules Advisory Committee. The chairperson described the purpose of the project as "testing proposals that, without successful implementation in actual practice, seem too adventuresome to adopt all at once in the national rules." [10]

Without citing any statutory authority to "test proposals," and without providing public notice or accepting public comment, the Advisory Committee recommended the project to the Standing Committee. The Standing Committee recommended the project to the Judicial Conference on June 6, 2016, and the Judicial Conference approved it on Sept. 13, 2016. [11]

In short, the Pilot Project went from consideration by the Advisory Committee to approval by the Judicial Conference in only five months, and it was neither approved by the Supreme Court nor reviewed by Congress. Rather, in the two districts where it is active, the project was implemented by a general order issued by the chief judge, eight and nine months after the judicial conference approved it. Considering the above, the Pilot Project undoubtedly is not a Federal Rule.

*The Pilot Project is not a local rule.* To be sure, the Pilot Project does bear some resemblance to a local rule promulgated under Rule 83(a). For example, all 13 district judges in the District of Arizona and 17 of 32 district judges in the Northern District of Illinois have chosen to participate, so it can be said that a majority of judges have signaled their approval, at least in some sense.

But there was never a public notice or comment period as Rule 83(a) requires. And, perhaps more importantly, the Pilot Project does not meet Rule 83(a)'s requirement of consistency with the Federal Rules. [12] Rather, the Pilot Project differs from the Federal Rules in three significant ways.

First, as the name of the program suggests, the parties may not opt out of the mandatory initial discovery requirements. That is a departure from normal discovery practice under Rule 26(a)(1)(A) and (C), which specifically allow the parties to forego their initial disclosures (or, at a minimum, to stipulate to an alternative deadline for them). This change is made more onerous by the fact that, as detailed below, the Pilot Project's disclosure requirements are far more extensive than those of Rule 26(a)(1).

Second, each party must provide both favorable and unfavorable information related to any party's claims or defenses whether or not the party intends to rely on it. By contrast, Rule 26(a)(1) requires each party to produce as part of its initial disclosures only information on which it intends to rely in support of its own claims and defenses. This limitation is by design.

The Rules were specifically amended in 2000 to remove any obligation to disclose witnesses or documents that a party did not intend to use, a change effected through the meticulous, multi-step amendment process described above. [13] The Pilot Project overrides that specific, deliberate choice.

Third, filing a preliminary motion pursuant to Rule 12(b) does not automatically stay the time to file answers, counterclaims, crossclaims or replies. By contrast, under Rule 12(a)(4), filing a 12(b) motion typically stays the movant's obligation to file a responsive pleading until 14 days after the court acts on the motion. In fact, this time was lengthened in 2009. [14]

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Case 1:18-cv-00966-CFC-CJB    Document 995-3    Filed 12/02/22    Page 5 of 9 PageID #: 38396

*The Pilot Project is not an individual judge's action.* Given that the Pilot Project is neither a Federal Rule nor a local rule, its only remaining path to validity is its ability to qualify as an individual judge's action pursuant to Rule 83(b). But it fails this test as well.

First, the Pilot Project is not the result of a single judge acting to enforce procedural rules in one courtroom. Rather, it was developed by a subcommittee of an Advisory Committee of the Judicial Conference. After obtaining the approval of the Advisory Committee, Standing Committee and the Judicial Conference, it was implemented in two districts by a general order of the chief judge -- and not for his or her own courtroom, but for the entire district.

Second, **Rule 83**(**b**) **authorizes individual judges to act only** "when there is no controlling law" on an issue. As reviewed above, however, there already are detailed rules governing, among other things, the timing and contents of parties' early disclosures to their opponents and the timing of, and conditions for staying, a defendant's obligation to file an answer. [15]

Third, and relatedly, Rule 83(b) requires a judge's individual orders to be "consistent with federal law, rules adopted under 28 U.S.C. § § 2072 and 2075 [a category that includes the Federal Rules of Civil Procedure], and the district's local rules." But, as already discussed, the Pilot Project is inconsistent with the Federal Rules in several significant ways.

In short, the Pilot Project is not a Federal Rule, a local rule or the action of an individual judge. It is, in other words, not an exercise of rulemaking authority authorized by the Rules Enabling Act.

### No justification from alternative sources of authority

So, from where, exactly, does the authority for the Pilot Project come? The subcommittee that advanced it did not cite any law permitting the Judicial Conference to experiment by prescribing temporary rule changes for specific districts.

And, in early discussions about potential pilot projects, the Advisory Committee acknowledged that "implementation of a pilot project through a local district court rule must come to terms with Rule 83 and the underlying statute, 28 U.S.C. § 2071(a), which direct that local rules must be consistent with the national Enabling Act rules." [16]

Even so, and despite the acknowledgment that the project's mandatory discovery "goes well beyond initial disclosures under Rule 26(a)(1)," no discussion of the authority for the Pilot Project appears anywhere in the meeting minutes of the Advisory Committee, the Standing Committee or the Judicial Conference. [17] It seems the Judicial Conference simply sidestepped the need to come to terms with Rule 83 and the underlying statute.

Ultimately, the Pilot Project was implemented through model standing orders that state that the Pilot Project is implemented "pursuant to the court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C)." But that does not withstand scrutiny. [18]

Rule 16(b) governs the timing and contents of the initial pretrial order. Subsection (3)(B)(vi) simply allows the court to include dates for pretrial conferences and trial in the scheduling order, and subsections (3)(B)(ii) and (3)(B)(iii) allow the court to modify the extent of discovery and provide for discovery of electronically stored information. But each of those provisions clearly contemplates a case-specific determination made after the parties have had a chance to be heard and the court has considered the case's particular circumstances. [19]

What is more, the "scheduling order" contemplated by Rule 16(b) can be issued only "after receiving the parties' report under Rule 26(f)" or "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." [20] Clearly, a blanket district-wide policy that is in place before the case begins does not meet that requirement.

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Case 1:18-cv-00966-CFC-CJB    Document 995-3    Filed 12/02/22    Page 6 of 9 PageID #: 38397

Rule 26(b)(2)(C) is no help either because it grants the court authority to limit discovery, not to expand it. Plus, none of the cited rules authorizes a district court to implement a standing-override of Rule 12's directive that a defendant not be required to answer a complaint unless and until the complaint survives a motion to dismiss.

As for the argument that inherent authority can support the imposition of the Pilot Project, even if an individual district judge -- acting based on the facts of a particular case and the characteristics of the specific parties -- could institute requirements that paralleled the provisions of the Pilot Project, such a thoughtful and carefully tailored approach is worlds apart from the one-size-fits-none scheme that the Pilot Project mandates.

In short, the cited authority simply does not vest the Judicial Conference with the power to implement "radical rule change[s]" outside of the statutorily authorized amendment process. [21]

The failure to follow the established process for enacting Federal Rules -- including the requirements of public notice and comment -- is not merely a technical violation of a procedural rule. It is a decision that carries significant, substantive consequences for real parties in actual cases.

Consider the example of class actions, which are subject to the Pilot Project's requirements to the same extent that virtually all other types of civil actions are. As Judge Richard Posner once wrote, class action plaintiffs use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." [22]

Front-loading that power and conferring it on all plaintiffs, including those whose complaints clearly fall short of the requirements of Rules 8 and 9, only gives plaintiffs more leverage to negotiate a settlement.

That leverage, in turn, risks distorting substantive outcomes by forcing some defendants to settle meritless claims and compelling others to settle for sums greater than the merits of the case would otherwise demand -- all to avoid the crushing expense of early, burdensome and fast-paced discovery in a case that may not involve a plausible claim for relief. [23]

As the drafters of the Federal Rules likely know better than anyone, process drives outcome in many cases, which is why amendments are subjected to such extensive vetting before they are placed into practice.

If the Judicial Conference had allowed an opportunity for public notice and comment as part of the amendment process (or pursuant to the Rule 83(a) process for enacting local rules), it would have heard extensive and informed debate on both sides of this and many other issues that might have yielded a more-informed, better-tailored mechanism for evaluating the impact of early discovery on federal civil practice.

### What's next?

If the Judicial Conference does in fact favor "radical rule change," its authority to effectuate such change is embodied in the exacting, meticulous, multi-step process for amending the Rules.

When a defendant is hauled into court, the scope and course of the litigation should not depend on a game of judicial roulette. It should not depend on whether the case is filed in a court that is participating in the Pilot Project.

In the Northern District of Illinois, that game of chance is even more pronounced because whether the Pilot Project applies depends on the happenstance of whether the case is assigned to one of the 17 judges participating in the Pilot Project or one of the 15 judges who opted out. This is a far cry from the procedural consistency the Federal Rules seek to promote.

In keeping with its duty to "carry on a continuous study of the operation and effect of the general rules of practice and procedure," the Judicial Conference should rescind the Pilot Project.[24] If it suspects that robust initial discovery is the best way "to secure the just, speedy and inexpensive determination of every action,"[25] and wants to explore that possibility, there are several options.

It may study statistics from state-court systems that employ a more aggressive discovery schedule. It may employ the statutorily authorized, meticulous, multi-step process to amend the Federal Rules, which would give the bench, bar, and public a chance to consider and weigh in on that proposal prior to its enactment.

But what it may not do is make an end run around the requirements of the Federal Rules and the Rules Enabling Act to test its theory. And that is exactly what it appears to have done with the Pilot Project.

**Footnotes**

1   In re Mandatory Initial Discovery Pilot Program in the N.D. Ill. standing order regarding mandatory initial discovery pilot project (N.D. Ill.), https://bit.ly/2Drqcka.

2   Fed. R. Civ. P. 1 (emphasis added).

3   See 28 U.S.C.A. § § 2071-77.

4   Overview for the Bench, Bar, and Public, United States Courts, https://bit.ly/2O411Iu .

5   Id.

6   Mandatory Initial Discovery Users' Manual for the Northern District of Illinois at 1, https://bit.ly/2NBzkan.

7   See In re Mandatory Initial Discovery Pilot Program., supra note 1, at 2-3.

8   Id. at 4-5.

9   Id. at 5-6.

10  Civil Rules Advisory Committee of the Judicial Conference, Meeting Minutes 18 (Apr. 14, 2016), https://bit.ly/2pEEmot.

11  Committee on Rules of Practice and Procedure of the Judicial Conference, Meeting Minutes 9 (June 6, 2016), https://bit.ly/2MYC4cW; Report of the Proceedings of the Judicial Conference of the United States 30 (Sept. 13, 2016), https://bit.ly/2MYyZJY.

12  See *ABS Entm't Inc. v. CBS Corp.*, No. 16-55917, 2018 WL 3966179, at *21 (9th Cir. Aug. 20, 2018) (underscoring that "local Rules cannot be incompatible with federal rules" and holding that the Central District of California's Local

Case 1:18-cv-00966-CFC-CJB   Document 995-3   Filed 12/02/22   Page 8 of 9 PageID #: 38399

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Civil Rule 23-3, which required that motions for class certification be filed within 90 days of the filing of a complaint, failed that test of compatibility).

13  See Fed. R. Civ. P. 83 Advisory Committee's note to 2000 amendment.

14  See Fed. R. Civ. P. 12 Advisory Committee's note to 2009 amendment.

15  See Fed. R. Civ. P. 26(a), 12(a)(4).

16  Civil Rules Advisory Committee of the Judicial Conference, Meeting Minutes 42 (Apr. 9, 2015), https://bit.ly/2OKdazn (emphasis added).

17  Civil Rules Advisory Committee of the Judicial Conference, Meeting Minutes 14 (Apr. 14, 2016).

18  In re Mandatory Initial Discovery Pilot Program., supra note 1, at 1.

19  See, e.g., Fed. R. Civ. P. 16(b)(1) (requiring that "the district judge" -- or, in certain circumstances, a magistrate judge -- must be the one to issue the scheduling order); id. (requiring that the district "receiv[e] the parties' report under Rule 26(f)" or "consul[t] with the parties' attorneys and any unrepresented parties at a scheduling conference" prior to issuing the scheduling order); Fed. R. Civ. P. 16(b)(2) (requiring that "the judge must issue the scheduling order as soon as practicable" and providing default timelines that apply unless "the judge finds good cause for delay" (emphasis added)).

20  Fed. R. Civ. P. 16(b)(1)(A)-(B); accord Fed. R. Civ. P. 16(b)(2) (providing that the scheduling order shall issue "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared").

21  Civil Rules Advisory Committee of the Judicial Conference, Meeting Minutes 33 (Nov. 5, 2015), http://www.uscourts.gov/sites/default/files/201511-05-minutes_civil_rules_meeting_final_0.pdf.

22  Am. Bank v. City of Menasha, 627 F.3d 261, 266 (7th Cir. 2010) (Posner, J.).

23  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558-59 (2007) (citing, inter alia, Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 528 n.17 (1983) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." (internal quotation marks omitted))).

24  28 U.S.C.A. § 331.

25  Fed. R. Civ. P. 1.

a1  **Michael P. Daly** is a partner at **Drinker Biddle & Reath** in Philadelphia. The vice chair of the firm's class-action team, Daly's practice centers on defending class actions and counseling clients regarding consumer protection laws. **Mark D. Taticchi**, an associate, focuses his practice on appellate litigation, class-action disputes, and complex commercial

A CRITICAL VIEW OF THE MANDATORY INITIAL..., 31 No. 15 Com....

Case 1:18-cv-00966-CFC-CJB   Document 995-3   Filed 12/02/22   Page 9 of 9 PageID #: 38400

litigation. The authors wish to thank their former associate, Marie Bussey-Garza, for her extensive assistance in the research and preparation of this article.

Copyright © 2018 Thomson Reuters

31 No. 15 COMLLN 19

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.