# EXHIBIT E

# Guide to Judiciary Policy

Vol. 2: Ethics and Judicial Conduct
Pt. B: Ethics Advisory Opinions

## Ch. 2: Published Advisory Opinions

[§ 210 Index](#)

[§ 220 Committee on Codes of Conduct Advisory Opinions](#)
    [No. 2: Service on Governing Boards of Nonprofit Organizations](#)
    [No. 3: Participation in a Seminar of General Character](#)
    [No. 7: Service as Faculty Member of the National College of State Trial Judges](#)
    [No. 9: Testifying as a Character Witness](#)
    [No. 11: Disqualification Where Long-Time Friend or Friend's Law Firm Is Counsel](#)
    [No. 17: Acceptance of Hospitality and Travel Expense Reimbursements From Lawyers](#)
    [No. 19: Membership in a Political Club](#)
    [No. 20: Disqualification Based on Stockholdings by Household Family Member](#)
    [No. 24: Financial Settlement and Disqualification on Resignation From Law Firm](#)
    [No. 26: Disqualification Based on Holding Insurance Policy from Company that is a Party](#)
    [No. 27: Disqualification Based on Spouse's Interest as Beneficiary of a Trust from which Defendant Leases Property](#)
    [No. 28: Service as Officer or Trustee of Hospital or Hospital Association](#)
    [No. 29: Service as President or Director of a Corporation Operating a Cooperative Apartment or Condominium](#)
    [No. 32: Limited Solicitation of Funds for the Boy Scouts of America](#)
    [No. 33: Service as a Co-trustee of a Pension Trust](#)
    [No. 34: Service as Officer or on Governing Board of Bar Association](#)
    [No. 35: Solicitation of Funds for Nonprofit Organizations, Including Listing of Judges on Solicitation Materials](#)
    [No. 36: Commenting on Legal Issues Arising before the Governing Board of a Private College or University](#)
    [No. 37: Service as Officer or Trustee of a Professional Organization Receiving Governmental or Private Grants or Operating Funds](#)
    [No. 38: Disqualification When Relative Is an Assistant United States Attorney](#)
    [No. 40: Service on Governing Board of Nonprofit Organization that Tends to Become Involved in Court Proceedings](#)
    [No. 42: Participation in Fund Raising for a Religious Organization](#)
    [No. 43: Service as a Statutory Member of a Citizens' Supervisory Commission of the County Personnel Board](#)
    [No. 44: Service on Governing Board of a Public College or University](#)
    [No. 46: Acceptance of Public Testimonials or Awards](#)

*Last substantive revision (Transmittal 02-051) October 15, 2019*
*Last revised (minor technical changes) November 17, 2022*

*Guide to Judiciary Policy, Vol. 2B, Ch. 2*                                                                                                          Page 2

No. 47: Acceptance of Complimentary or Discounted Club Memberships
No. 48: Application of Judicial Conference Conflict-of-Interest Rules for Part-Time Magistrate Judges
No. 49: Disqualification Based on Financial Interest in Member of a Trade Association
No. 50: Appearance Before a Legislative or Executive Body or Official
No. 51: Law Clerk Working on Case in Which a Party Is Represented by Spouse's Law Firm
No. 52: American Bar Association or Other Open-Membership Bar Association Appearing as a Party
No. 53: Political Involvement of a Judge's Spouse
No. 55: Extrajudicial Writings and Publications
No. 57: Disqualification Based on Stock Ownership in Parent Corporation of a Party or Controlled Subsidiary of a Party
No. 58: Disqualification When Relative is Employed by a Participating Law Firm
No. 59: Providing Recommendations or Evaluations of Nominees for Judicial, Executive, or Legislative Branch Appointments
No. 60: Appointment of Spouse of an Assistant United States Attorney as Part-Time Magistrate Judge
No. 61: Appointment of Law Partner of Judge's Relative as Special Master
No. 63: Disqualification Based on Interest in Amicus that is a Corporation
No. 64: Employing a Judge's Child as Law Clerk
No. 65: Providing a Recommendation for Commutation, Pardon, or Parole
No. 66: Disqualification Following Conduct Complaint Against Attorney or Judge
No. 67: Attendance at Independent Educational Seminars
No. 69: Removal of Disqualification by Disposal of Interest
No. 70: Disqualification When Former Judge Appears as Counsel
No. 71: Disqualification After Oral Argument
No. 72: Use of Title "Judge" by Former Judges
No. 73: Providing Letters of Recommendation and Similar Endorsements
No. 74: Pending Cases Involving Law Clerk's Future Employer
No. 75: Disqualification Based on Military or Other Governmental Pensions
No. 76: Service of State Employees as Part-Time United States Magistrate Judges
No. 78: Disqualification When Judge Is a Utility Ratepayer or Taxpayer
No. 79: Use of Chambers, Resources, and Staff for Law-Related Activities Permitted by Canon 4
No. 80: Use of Chambers, Resources, and Staff for Activities Permitted by Canon 4 that are Not Related to the Law
No. 81: United States Attorney as Law Clerk's Future Employer
No. 82: Joining Organizations
No. 83: Payments to Law Clerks from Future Law Firm Employers
No. 84: Pursuit of Post-Judicial Employment
No. 85: Membership and Participation in the American Bar Association

No. 86: Applying the Honoraria, Teaching, and Outside Earned Income Limitations
No. 87: Participation in Continuing Legal Education Programs
No. 88: Receipt of Mementoes or Other Tokens Under the Prohibition Against the Receipt of Honoraria for Any Appearance, Speech, or Article
No. 89: Acceptance of Honors Funded Through Voluntary Contributions
No. 90: Duty to Inquire When Relatives May Be Members of Class Action
No. 91: Solicitation and Acceptance of Funds from Persons Doing Business With the Courts
No. 92: Political Activities Guidelines for Judicial Employees
No. 93: Extrajudicial Activities Related to the Law
No. 94: Disqualification Based on Mineral Interests
No. 95: Judges Acting in a Settlement Capacity
No. 96: Service as Fiduciary of an Estate or Trust
No. 97: Disqualification of Magistrate Judge Based on Appointment or Reappointment Process
No. 98: Gifts to Newly Appointed Judges
No. 99: Disqualification Where Counsel Is Involved in a Separate Class Action in Which the Judge or a Relative Is a Class Member
No. 100: Identifying Parties in Bankruptcy Cases for Purposes of Disqualification
No. 101: Disqualification Due to Debt Interests
No. 102: Disqualification Issues Relating to Judge Being Sued in Official Capacity, Including Representation By Department of Justice
No. 103: Disqualification Based on Harassing Claims Against Judge
No. 104: Participation in Court Historical Societies and Learning Centers
No. 105: Participation in Private Law-Related Training Programs
No. 106: Mutual or Common Investment Funds
No. 107: Disqualification Based on Spouse's Business Relationships
No. 108: Participation in Government-Sponsored Training of Government Attorneys
No. 109: Providing Conflict Lists to Departing Law Clerks
No. 110: "Separately Managed" Accounts
No. 111: Interns, Externs and Other Volunteer Employees
No. 112: Use of Electronic Social Media by Judges and Judicial Employees
No. 113: Ethical Obligations for Recall-Eligible Magistrate and Bankruptcy Judges
No. 114: Promotional Activity Associated with Extrajudicial Writings and Publications
No. 115: Appointment, Hiring, and Employment Considerations: Nepotism and Favoritism
No. 116: Participation in Educational Seminars Sponsored by Research Institutes, Think Tanks, Associations, Public Interest Groups, or Other Organizations Engaged in Public Policy Debates

No. 86: Applying the Honoraria, Teaching, and Outside Earned Income Limitations
No. 87: Participation in Continuing Legal Education Programs
No. 88: Receipt of Mementoes or Other Tokens Under the Prohibition Against the Receipt of Honoraria for Any Appearance, Speech, or Article
No. 89: Acceptance of Honors Funded Through Voluntary Contributions
No. 90: Duty to Inquire When Relatives May Be Members of Class Action
No. 91: Solicitation and Acceptance of Funds from Persons Doing Business With the Courts
No. 92: Political Activities Guidelines for Judicial Employees
No. 93: Extrajudicial Activities Related to the Law
No. 94: Disqualification Based on Mineral Interests
No. 95: Judges Acting in a Settlement Capacity
No. 96: Service as Fiduciary of an Estate or Trust
No. 97: Disqualification of Magistrate Judge Based on Appointment or Reappointment Process
No. 98: Gifts to Newly Appointed Judges
No. 99: Disqualification Where Counsel Is Involved in a Separate Class Action in Which the Judge or a Relative Is a Class Member
No. 100: Identifying Parties in Bankruptcy Cases for Purposes of Disqualification
No. 101: Disqualification Due to Debt Interests
No. 102: Disqualification Issues Relating to Judge Being Sued in Official Capacity, Including Representation By Department of Justice
No. 103: Disqualification Based on Harassing Claims Against Judge
No. 104: Participation in Court Historical Societies and Learning Centers
No. 105: Participation in Private Law-Related Training Programs
No. 106: Mutual or Common Investment Funds
No. 107: Disqualification Based on Spouse's Business Relationships
No. 108: Participation in Government-Sponsored Training of Government Attorneys
No. 109: Providing Conflict Lists to Departing Law Clerks
No. 110: "Separately Managed" Accounts
No. 111: Interns, Externs and Other Volunteer Employees
No. 112: Use of Electronic Social Media by Judges and Judicial Employees
No. 113: Ethical Obligations for Recall-Eligible Magistrate and Bankruptcy Judges
No. 114: Promotional Activity Associated with Extrajudicial Writings and Publications
No. 115: Appointment, Hiring, and Employment Considerations: Nepotism and Favoritism
No. 116: Participation in Educational Seminars Sponsored by Research Institutes, Think Tanks, Associations, Public Interest Groups, or Other Organizations Engaged in Public Policy Debates

## Committee on Codes of Conduct Advisory Opinion No. 57: Disqualification Based on Stock Ownership in Parent Corporation of a Party or Controlled Subsidiary of a Party

This opinion considers the question of whether a judge should recuse when the judge owns stock in the parent corporation of a controlled subsidiary that is a party or owns stock in a controlled subsidiary and its parent corporation is a party.

Canon 3C(1) of the Code of Conduct for United States Judges provides that:

> (1)  A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> * * *
>
> (c)  the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding.

Canon 3C(3)(c) defines a "financial interest" as "ownership of a legal or equitable interest, however small."  The provision enumerates exceptions to the definition, including ownership in a mutual or common investment fund; the proprietary interest of a policy-holder in a mutual insurance company, or a similar proprietary interest, where the outcome of the proceeding could not substantially affect the value of the interest; and ownership of government securities, where the outcome of the proceeding could not substantially affect the value of the securities.  None of these exceptions directly apply, and the Committee does not consider the situation at issue to be analogous to the exceptions.  *See also* Advisory Opinion Nos. 26 ("Disqualification Based on Holding Insurance Policy from Company that is a Party") and 49 ("Disqualification Based on Financial Interest in Member of a Trade Association").

The Committee concludes that under the Code the owner of stock in a parent corporation has a financial interest in a controlled subsidiary.  Therefore, when a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse.  See Canon 3C(3)(c).  When a parent company does not own all or a majority of stock in the subsidiary, the judge should determine whether the parent has control of the subsidiary.  The Committee advises that the 10% disclosure requirement in Fed. R. App. P. 26.1 is a benchmark measure of parental control for recusal purposes.  However, if the judge owns stock in the subsidiary rather than the parent corporation, and the parent corporation appears as a party in a proceeding, the judge must recuse only if the interest in the subsidiary could be substantially affected by the proceeding.  *Id.*

*Guide to Judiciary Policy, Vol. 2B, Ch. 2*                                                          *Page 75*

      In closing, the Committee notes that recusal decisions are also governed by the recusal statutes, 28 U.S.C. §§ 455 and 144, and the case law interpreting them. Although the Committee is not authorized to render advisory opinions interpreting §§ 455 and 144, Canon 3C of the Code closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code.

December 2017